## FRIEDMAN *v.* DRY-DOCK, E. B. & B. R. CO.

*(Common Pleas of New York City and County, General Term.*    November 3, 1890.)

HORSE AND STREET RAILROAD—PERSONS CROSSING TRACK.

> Plaintiff's intestate, a man 67 years old, attempted to cross a street in front of defendant's car which was approaching on a down grade at an unusually rapid rate of speed.    When the car was within 10 or 15 feet of him, intestate called to it to stop, and proceeded to, and did, cross the track, but in attempting to wade through or leap over a snow-bank about 2 or 3 feet high, and 15 feet long, standing between the track and the curb, he fell, and was run over.    *Held*, that intestate was not guilty of contributory negligence as matter of law, and that the facts would sustain a finding that intestate was not, and that defendant was, guilty of negligence, and it was therefore error to dismiss the complaint.

Appeal from trial term.

Action by Wilhelmina Friedman as administratrix, etc., of Henry Friedman, deceased, against the Dry-Dock, East Broadway & Battery Railroad Company.    From a judgment dismissing her complaint the plaintiff appeals. Dissenting opinion of Judge VAN HOESEN is as follows: "The evidence shows that on an evening in January, the plaintiff's intestate, an old man of sixty-seven, started to cross Grand street, from the north side to the south side. Between the sidewalk on the southerly side of Grand street, and the railway track next to it, there was a snow-bank two feet or more in height.    The intestate, whose name was Henry Friedman, saw the defendant's car when it was about fifteen or twenty feet distant from him, and he called to the driver 'Stop! Stop!'    Friedman at that time was in the middle of the track upon which the car was approaching.    There was another car coming on the other track, in an opposite direction.    The car, to the driver of which Friedman called, did not stop, but Friedman got safely across the track, and probably would have escaped all injury had it not been for the snow-bank which blocked his way.    Between the snow-bank and the car Friedman was caught,

and he fell down, or was knocked down, so close to the rail that, as he lay on his side, one of the fore-wheels of the car ran over his leg, and produced a wound that resulted in his death. Upon this state of facts, the judge dismissed the complaint. In this I think he erred. While it is not clear that the defendant's driver was to blame, and while it is possible that a jury would have found that he was not negligent, the judge could not, as matter of law, say that the driver did all that a prudent man should have done. Whether the driver should have driven on a smart trot when he saw the aged Friedman attempting to scale the snow-bank, or standing on the narrow strip between the snow-bank and the track, is a question of fact that should have been submitted to the jury. I can see no reason for holding, as matter of law, that Friedman was negligent. Perhaps the jury might have found that he was, but, if I had been sitting as a juror, perhaps I should have found that he was not. It would have been easy for a vigorous man to leap to the top of the snow-bank and get away. If the bank had been only eighteen inches in height, it is possible that Friedman could have reached its top. If the bank were of soft snow, Friedman might have been saved, for he could easily have stepped in it and got away; and there is nothing in the evidence to show that Friedman knew, or ought to have known, that the bank was of ice, or of snow frozen so hard that he could not wade through it. It is plain that Friedman had ample time to get across the track, but whether it was careless of him to venture across in front of the approaching car, in view of the fact that the snow-bank obstructed the way to the sidewalk to which he was going, is a matter as to which different conclusions will be drawn by different men. The case ought, therefore, to have been submitted to the jury."

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Aaron Kahn,* (*James M. Smith* and *Robert Sewell,* of counsel,) for appellant. *John M. Scribner,* for respondent.

BISCHOFF, J.. This action was brought to recover damages suffered by the death of plaintiff's intestate alleged to have been caused by the carelessness or negligence of the defendant's driver in the management of one of its cars. The facts relied upon for such recovery, briefly stated, are as follows: On January 25, 1881, between about 6 o'clock and 7 o'clock in the evening, plaintiff's intestate, a man about 67 years of age, and who was in vigorous health, excepting the usual feebleness accompanying advanced years, attempted to cross Grand street, in the neighborhood of Goerick street, from the north side to the south side. At this point on Grand street there were three separate tracks used in the operation of horse cars, and between the southern track, and the curb on the south side of Grand street, there was at the time a snow-bank between 2 and 3 feet high, and about 15 feet in length. When plaintiff's intestate was attempting to cross, one of defendant's cars was approaching on a down grade from the west, and in an easterly direction, at an unusually rapid rate of speed. It was a cold and clear night, and the car was plainly visible at a distance of 100 feet or more, and, excepting the snow-bank and car mentioned, there was nothing to obstruct either view or passage. Plaintiff's intestate had reached the southern track upon which defendant's car was approaching, and when it was within 10 or 15 feet of him, he called to it to stop, and proceeded to cross the track. Having crossed the track he attempted to wade through, or leap over, the snow-bank, and, in so doing, fell between the latter and the car, and in that way sustained the injuries of which he died four days later. Upon this state of facts, the case is no longer open for original consideration by this court. The first trial ended in the dismissal of the complaint, and upon appeal to the general term the action of the trial judge was sustained; Mr. Justice VAN HOESEN, however, dissenting from the opinion of his associates, and writing an opinion for reversal. *Freidman* v. *Railroad Co.,* 3 N. Y. St. Rep. 557. The learned justice, writing the

dissenting opinion, held that it was not contributory negligence as matter of law for plaintiff's intestate to proceed to cross the track, and to attempt to wade through or leap over the snow-bank, upon seeing the approaching car, and that whether or not the plaintiff's intestate was himself negligent was an inference to be drawn from the facts, and that the facts would sustain a finding to the effect that he was not negligent. The dissenting justice also held that the testimony would sustain a finding of negligence on the part of the defendant, resulting in the injuries to plaintiff's intestate. These views were adopted by the court of appeals, and the judgment was reversed, and a new trial ordered. *Friedman* v. *Railroad Co.*, 110 N. Y. 676, 18 N. E. Rep. 482.

. Upon the second trial, at which the judgment now appealed from was rendered, Messrs. Skillman and Roll were the chief witnesses on whose testimony the plaintiff relied to make out her case. This testimony I have carefully compared with the facts as shown in the dissenting opinion of Mr. Justice Van Hoesen, and there does not appear to me to be any appreciable variance between the alleged facts as testified to by the witnesses named, and the facts mentioned in such opinion. This court is bound, therefore, to accept the views of the court of appeals, and, under the circumstances, it was error for the learned judge presiding at the second trial to withdraw the consideration of the question of defendant's negligence, and the plaintiff's intestate's contributory negligence, from the jury. The judgment should be reversed, and a new trial ordered, with costs to abide the event.