(10 Misc. Rep. 1.)

MILLS v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.    October 22, 1894.)

STREET RAILROADS—PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.
    Where a man 70 years old attempts to cross the street in front of a horse car about 60 feet from the crossing, and is injured by the car, it is a question for the jury whether he was negligent.

Appeal from trial term.

Action by Thomas A. Mills against the Brooklyn City Railroad Company for personal injuries. From a judgment entered on a

verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Moore & Wallace, for appellant.
Shorter & Kurth, for respondent.

OSBORNE, J.   This action was brought to recover damages for injuries sustained by plaintiff through the alleged negligence of defendant.   Plaintiff obtained a verdict, and from the judgment entered thereon, and also from the order denying a motion for a new trial, defendant appeals.

The counsel for the appellant contends that the learned trial judge erred in denying the motion made to dismiss the complaint at the close of the plaintiff's case, and again upon the whole case, which rulings were duly excepted to.   The testimony of and on behalf of plaintiff shows that on the 4th day of February, 1893, between 4 and 5 o'clock p. m., plaintiff (a man upwards of 70 years of age) arrived at the corner of Marcy avenue and South Fourth street, over which latter street defendant then operated one of its lines of horse cars.   The day was damp, and there was mud and slush on the streets.   When plaintiff reached the curb at South Fourth street he paused, and looked up and down the street to see if a car was approaching, and he testifies that he saw one of defendant's cars approaching from the west.   That the horses' heads were "one, if not two, lengths of a car" the other side of the further cross walk on South Fourth street, a distance of upwards of 60 feet from the cross walk which he was about to cross.   Plaintiff started to cross, and, to clear the car track on which the car was approaching, it was necessary for him to traverse a distance of 12 feet 4½ inches. Plaintiff was impeded somewhat in his progress by the mud and slush, and before he could cross the track he was knocked down by the horses of the car, and suffered the injuries complained of. Defendant's driver testified that when he reached the lower crossing on Marcy avenue (a distance of 38 feet 2 inches from the cross walk on which plaintiff was) he saw the plaintiff starting to cross; that his horses were going at a slow trot; that he (the driver) called out to plaintiff, and applied the brakes, but that, owing to its being a down grade at that place, and the track being slippery, and his brakes not taking hold properly, he was unable to stop the car before it reached the plaintiff.   Other witnesses were also put on the stand by defendant's counsel with a view of corroborating the driver.   The learned counsel for the appellant claims that plaintiff failed to show that he exercised due care, and that he was guilty of contributory negligence.   We do not think that the evidence showed such want of due care on the part of the plaintiff as to warrant the trial judge in taking that question from the consideration of the jury.   It is true that the courts have laid down the rule that, where parties take chances to cross a railroad track in front of an approaching car, and fail, they must bear the results of their own miscalculations; but in the case before

us there was no taking of chances, no attempt to make close calculations. The car was, according to plaintiff's testimony, upwards of 60 feet away when he looked and saw it approaching as he was about to cross the street, and he had 12 feet 4½ inches to walk to get entirely across the tracks. We cannot say, as matter of law, that plaintiff was negligent, or lacking in due care, when he assumed that he could walk 12 feet 4½ inches before the car would travel upwards of 60 feet. We are of the opinion that that was plainly a question for a jury to determine. Wells v. Railroad Co., 58 Hun, 389, 12 N. Y. Supp. 67; Friedman v. Railroad Co. (Com. Pl. N. Y.) 11 N. Y. Supp. 429, affirmed 110 N. Y. 676, 18 N. E. 482. Nor can we say, as matter of law, on all the evidence, that the driver of the car did all that a prudent man should have done. That is a question on which different conclusions might be reached by different men on hearing all the evidence on that point, and therefore it should have been submitted to the jury. Friedman v. Railroad Co., supra. The motion for a new trial on the minutes was, in our judgment, properly denied. As above stated, plaintiff's freedom from contributory negligence and the negligence of the defendant were questions that belonged to the jury to determine. There were frequent contradictions in the testimony of the witnesses on either side, and some discrepancies in the testimony of the various witnesses on the part of the defendant. The jury have decided in favor of plaintiff's contention after the law bearing on the case had been laid down by the learned trial judge in a charge to which no exception was taken, and we can see no reason for interfering with the verdict. Neither of the exceptions to the refusals to charge as requested seems to us to be well taken, or of sufficient importance to call for any discussion. For the reasons above stated, we think that the judgment and order denying motion for a new trial should be affirmed, with costs.