(112 App. Div. 397)

### MATHERS v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

STREET RAILROADS—INJURY TO PEDESTRIAN—QUESTIONS FOR JURY—CONTRIBU-
TORY NEGLIGENCE.

In an action against a street railway company for injuries to a pedes-
trian who was struck by a car as he was crossing the street, evidence *held*
to authorize a submission to the jury of the question of plaintiff's contribu-
tory negligence.

Appeal from Trial Term, Westchester County.

Action by Joseph W. Mathers against the Interurban Street Railway
Company. From a judgment for defendant, plaintiff appeals. Re-
versed and remanded.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR,
RICH, and MILLER, JJ.

Thomas J. O'Neill, for appellant.

Anthony J. Ernest (Bayard H. Ames, on the brief), for respondent.

GAYNOR, J. The jury could have found from the evidence that
the plaintiff was crossing 3d avenue, Manhattan, at the lower crossing
of 30th street from east to west at an ordinary walk; that as he left the
curb he looked up and down 3d avenue, and saw a car up near 31st
street coming down and another down at 29th street coming up (i. e.,
on the east track); that another car going uptown was at the time pass-
ing the crossing he was on; that no other cars were between 29th and
31st streets; that he walked across in the rear of the said uptown car
that was passing at the time, and as he came out from behind it was hit
by the downtown car.

The plaintiff was nonsuited for not looking uptown again before
going on the downtown track. This was error. When he looked on
leaving the curb the downtown car was that far away that it was at
least a question of fact whether it was contributory negligence not to
look again. I do not see it would be of any use to cite decisions.

The judgment is reversed.

Judgment reversed, and new trial granted; costs to abide the event. All
concur.