to guard against accident, a question of fact was presented and a prima facie case made out, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

---

## DUFFY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. APPEAL—NONSUIT—INFERENCES FROM EVIDENCE.

Upon an appeal from a nonsuit, appellant is entitled to the most favorable inferences deducible from the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, . § 3748.]

2. STREET RAILROADS—NEGLIGENCE OF MOTORMAN—QUESTION FOR JURY.

Whether a motorman on a clear track, with his car under control, could have brought it to a stop or sufficiently reduced its speed to avoid an injury within the distance of 125 feet, was a question of fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 251–253.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

As a matter of law a person who attempts to cross a street at a crossing but 15 feet to pass over to reach a place of safety at a time when a car is approaching from a distance of 125 feet is not guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, § 207.]

Appeal from City Court of New York, Trial Term.

Action by Annie Duffy against the Interurban Street Railway Company.   From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Cornelius J. Earley, for appellant.

Bayard H. Ames and Walter Henry Wood, for respondent.

FITZGERALD, J.   The testimony on the trial of this action shows that about midday on May 23, 1903, the plaintiff, while in the act of crossing Tenth avenue from the west to the east side at the south corner of Forty-First street, saw a horse car coming down on the westerly track; that she waited at the curb for it to pass, and she then crossed on the crosswalk, and was on the south-bound track, and within 10 or 15 feet of the most easterly rail of the uptown track, when an electric car was coming up on the easterly track, about 125 feet south of the southerly side of Forty-First street, on a clear track.   Plaintiff continued on her way across the avenue and was within 1 foot of being clear of the most easterly rail on the north track when she was struck by the fender of the approaching car, and thrown to the street under the car, receiving injuries for which she asks damages.  The car did not stop until the center of it had reached the north crosswalk.   There is a downgrade on this avenue extending from Thirty-Sixth to Forty-Second streets.   Defendant's counsel moved for a dismissal of the complaint

on the ground of contributory negligence and the failure of plaintiff to show any negligence on the part of the defendant, which motion was granted by the learned court below.

Upon an appeal from a nonsuit appellant is entitled to the most favorable inferences deducible from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Lewis v. Erie R. R. Co., 105 App. Div. 292, 94 N. Y. Supp. 765. Upon a clear track, if defendant's motorman was reasonably vigilant and had his car under control, whether or not he could have brought it to a stop or sufficiently reduced its speed to avoid an injury within the distance of 125 feet was at least a question of fact. Mills v. Bklyn. City Ry., 10 Misc. 1, 30 N. Y. Supp. 532. When it is further borne in mind that at crossings pedestrians are entitled to rely to some extent upon the rule requiring drivers to exercise especial care (Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440), it does not seem that within the doctrine of our adjudications it can be held that a person who attempts to cross a street at a crossing with but 15 feet to pass over in order to reach a place of safety, at a time when a car is approaching from a distance of 125 feet, is as matter of law guilty of contributory negligence. Mathers v. Interurban St. Ry. Co. (Sup.) 98 N. Y. Supp. 433.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.