The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

AMEND, J., concurs.

MacLEAN, J. (concurring).  The plaintiff declared for rent and damages to property, to which the defendant answered general denial and surrender.  The trial justice rendered judgment in favor of the defendant, dismissing the complaint on its merits.  It is undisputed, at least, that the defendant remained in possession of the leased premises after rent had become due and payable.  His subsequent removal and re-entry by the plaintiff did not determine his liability in debt, though determine it might all relation between plaintiff and himself.  Norton v. Vultee, Super. Ct. Rep. 384, 389.  Liable he was for what had accrued as a debt, as was held a lessee for rent payable on the 1st day of September, a Sunday, where the premises were totally destroyed by fire at 6 o'clock in the morning of that day; the next being Labor Day, and notice of surrender being given the day following, pursuant to the statute in reference to the rights and liabilities of lessees of buildings destroyed by fire.  Craig v. Butler, 83 Hun, 286, 31 N. Y. Supp. 963, and affirmed in 156 N. Y. 672, 50 N. E. 962.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

(52 Misc. Rep. 579)

### BERNSTEIN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  February 11, 1907.)

STREET RAILROADS—INJURIES TO PERSONS ON TRACK—SUFFICIENCY OF EVIDENCE.

In an action for injuries received in a collision with a street car, evidence held insufficient to show absence of contributory negligence.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Samuel Bernstein against the New York City Railway Company for personal injuries.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE and DOWLING, JJ.

William E. Weaver, for appellant.
Bogart & Bogart for respondent.

GILDERSLEEVE, J.  Some time between 1 and 2 o'clock in the afternoon of a clear day the plaintiff, who was driving an ice cream delivery wagon across Third avenue from west to east through Twentieth street, was struck by a south-bound car of defendant and received injuries, to recover damages for which this action was brought.  The plaintiff testified that, when he reached Third avenue, "I crossed right through and got knocked by the car."  Upon being asked if he saw anything, he said, "I did not see anything."  Upon cross-examination

he testified that he "did not see anything," that he did not see the car before it struck him, that it was in bright daylight, and that he could see a distance of at least 10 blocks north and south at that point on the avenue. Under such circumstances it cannot be said that the plaintiff absolved himself from the charge of negligence. It has frequently been held under such circumstances that, even if a plaintiff has looked for a car, but failed to observe one, he is not, therefore, free from negligence. In the case at bar there is no evidence that he made the slightest effort to look for an approaching car, and he swears that he did not at any time see the car until it struck him.

The case of Duffy v. Int. St. Ry. Co., 101 N. Y. Supp. 767, referred to by respondent, has no application, in that there the plaintiff was a pedestrian at a crossing, and the complaint had been dismissed, in which case the testimony of the plaintiff is to be taken as true, and Mr. Justice Fitzgerald very properly said:

"It does not seem * * * it can be held that a person who attempts to cross a street * * * with but 15 feet to pass over in order to reach a place of safety at a time when a car is approaching at a distance of 125 feet is as a matter of law guilty of contributory negligence."

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

DOWLING, J., concurs.

