280 PEOPLE ex rel. MOREY v. TOWN BOARD.

SECOND DEPARTMENT, FEBRUARY TERM, 1903. [Vol. 80.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS MOREY, Relator, v. THE TOWN BOARD OF THE TOWN OF OYSTER BAY IN THE COUNTY OF NASSAU, Respondent.

*Inspector of the work to be done under a written contract for the repair of a town bridge — he may be appointed by the highway commissioners — the rejection of a claim for his services presented by the highway commissioners is not a bar to proceedings by the inspector — what the town board may consider in making an audit.*

Section 10 of the Highway Law (Laws of 1890, chap. 568, as amd. by Laws of 1895, chap. 606, and Laws of 1899, chap. 84), which authorizes the highway commissioners of a town, with the consent of the town board, to cause damaged or unsafe bridges to be repaired, and provides that if the expense exceeds $500 the work must be done under a written contract, approved by the town board, does not prohibit highway commissioners from employing, without the previous consent of the town board, an inspector to superintend the work of repairing a bridge, although such work is being done under a written contract involving an expenditure of over $500.

The presentation of the inspector's claim by the highway commissioners to the town board, at their annual meeting, pursuant to the final clause of section 10 of the Highway Law, and the rejection of such claim by the town board, is

not a bar to the inspector's right to institute proceedings in his personal capacity to have his claim audited and paid.

In auditing a claim the members of the town board are not restricted to the claimant's proof in regard to its validity, but may act upon their own knowledge, acquired from their own actual observation of the facts and circumstances concerning the claim.

CERTIORARI issued out of the Supreme Court and attested on the 21st day of May, 1902, directed to William H. Jones, as Supervisor, and others, constituting the Town Board of the Town of Oyster Bay in the County of Nassau, requiring them to certify and return to the office of the clerk of the county of Nassau all and singular their proceedings had in auditing and disallowing the account of the relator upon a claim for services rendered in repairing a bridge, under employment by the commissioners of highway of the said town.

*Joseph Steinert*, for the relator.

*George B. Stoddart*, for the respondent.

WILLARD BARTLETT, J.:

Section 10 of the Highway Law authorizes the commissioners of highways in towns to cause damaged or unsafe bridges to be repaired, with the consent of the town board. If the expense exceeds $500 the work must be done under a written contract to be approved by the town board. " The commissioners of highways shall present the proper vouchers for the expense thereof to the town board at their next annual meeting, and the same shall be audited by them and collected in the same manner as amounts voted at town meetings." (Laws of 1890, chap. 568, as amd. by Laws of 1895, chap. 606, and Laws of 1899, chap. 84.)

Under this authority and law the relator was employed by the commissioners of highways of the town of Oyster Bay, in Nassau county, to perform certain services in connection with the repair of a damaged bridge. These services consisted of superintending the mixing of the concrete which was used, the driving of the piles to a proper depth and the construction of a temporary support for the draw, which was to be used on the structure when rebuilt. The relator also appears to have been employed generally to superintend

the proper construction of the bridge in accordance with the terms of a contract for the repairs, which was made in writing, inasmuch as the total expense of the work exceeded the sum of $500.

The relator alleged in his petition in this proceeding that he performed the contemplated services upon ninety-three days in all, and he claims thereby to have become entitled to receive payment at the rate of three dollars a day, which was to be his compensation under his agreement with the highway commissioners. Upon the audit of the account the town board determined to disallow the whole claim, and the writ of certiorari has been sued out to review the determination to that effect.

The return states that the town board not only heard the relator personally in his own behalf, but also " the statements of several members of said board to the effect that work was not commenced upon the bridge, whereon the said relator claims to have performed service, for a period of at least thirty days after the first item of service set forth in the relator's said claim." The return also states that the board were advised by their counsel that the claim was not a lawful charge, inasmuch as the town had authorized the highway commissioners to enter into a written contract with the American Bridge Company to make the repairs upon said bridge for the sum of $10,300, and that having expended such sum under said contract the board was without power to expend any further or additional sum on account of the repairs.

It is apparent from the record that the relator was really employed by the highway commissioners as an inspector in behalf of the town, to see to it that the work undertaken under the contract for repairing the bridge was thoroughly and properly performed. I find nothing in section 10 of the Highway Law (as amd. by Laws of 1899, chap. 84), which prohibits the employment of a competent person for this purpose, irrespective of any consent in advance by the town board. The only consent prescribed by that section appears to be a consent in general terms to the immediate repair or rebuilding of the unsafe or damaged structure. If it is found that the expense would exceed $500, so that a written contract is requisite, this must also receive the approval of the town board; but neither any prior consent or approval appears to be necessary in order to justify the highway commissioners in incurring such reasonable pecuniary obligations as

may be necessary to insure by supervision and inspection that the work shall be done in a suitable manner, so as to carry out the object sought to be obtained. Under the section cited it seems quite clear that, with the consent of the town board that the repairs should be made, the highway commissioners might lawfully have employed the relator to act as inspector if the amount to be expended upon the bridge did not exceed $500, so that the labor could be performed without any written contract, and I can see no good reason why the fact that the proposed expenditure would exceed that amount should be held to restrict the authority of the commissioners, so that they could not still legally employ an inspector to examine and supervise the work as it went on.

If this view is correct, the relator became entitled to compensation at the agreed rate of three dollars a day, if he had actually performed the services alleged in his claim. This allegation, however, was not unquestioned when the claim came up for audit. Several members of the town board stated that the work had not been commenced upon the bridge until a month later than the time specified by the claimant. An examination of the items of the claim shows that if these members were right, the relator claimed compensation for services upon twenty-seven days when no work at all was prosecuted upon the bridge, and this fact would not only warrant but require the rejection of those items. In making the audit the members of the town board were not restricted to the relator's proof in regard to the validity of the claim, but might act upon their own knowledge, acquired from their actual observation of the facts and circumstances concerning the work. (*People ex rel. Oppenheimer Publishing Co.* v. *Pople*, 81 Hun, 383; *People ex rel. Cochran* v. *Town Auditors*, 74 id. 83.) Hence, it cannot be held upon this record that the board erred in refusing to audit the relator's claim at its full amount. On the other hand, it seems clear that he should have been awarded something for his services, although it is impossible to say from the papers now before the court how much. Under these circumstances, we cannot modify the determination under review so as to accord with the facts, as we might otherwise do under section 2141 of the Code of Civil Procedure. The proper course seems to be to remit the matter to the town board on account of their error in rejecting the entire claim, with directions to reaudit

the claim and allow the relator his stipulated compensation for as many days' service as he may establish to their satisfaction.

It is suggested that the relator's only remedy was under the final clause of section 10 of the Highway Law (as amd. by Laws of 1899, chap. 84), which provides that the commissioners of highways shall present the proper vouchers for the expense of these extraordinary repairs upon a bridge to the town board at their next annual meeting, and that the same shall be audited by them and collected in the same manner as amounts voted at town meetings. It appears that the commissioners of highways did include the relator's claim with other accounts in claims which they presented to the town board on December 28, 1901, when it was rejected. That demand, however, was in behalf of the highway commissioners themselves, and not directly in behalf of the relator. I do not think that its rejection was a legal bar to subsequent proceedings by the relator personally and directly to procure audit and payment.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Matter remitted to the town board, with directions to proceed in accordance with opinion of BARTLETT, J.