WOLPERS v. NEW YORK & QUEENS ELECTRIC LIGHT & POWER CO.

(Supreme Court, Appellate Division, Second Department.   March 4, 1904.)

1. ELECTRIC LIGHT COMPANIES—DUTY TO PUBLIC—PERSONS ON HIGHWAYS—QUESTIONS OF FACT.
    Whether the degree of care exercised by an electric light and power company in the construction and operation of its lines met the duty of that company toward those lawfully using the highway was a question of fact.

2. SAME—NEGLIGENCE—PRIMA FACIE CASE.
    The fact that an electric wire fell, and that plaintiff was injured by coming in contact therewith on alighting from his wagon, affords sufficient prima facie evidence that the accident arose from want of care on the part of the electric light company.

¶ 2. See Electricity, vol. 18, Cent. Dig. § 11.

**3. SAME.**

Evidence that an elevator in a hospital near the place where plaintiff was injured, which was served by defendant electric power company, would not run about an hour before the injury, which was caused by plaintiff's coming in contact with a live wire which had fallen in the street, was a circumstance to be considered on the issue of defendant's negligence.

**4. SAME—SUFFICIENCY OF EXPLANATION—QUESTION FOR JURY.**

Where plaintiff established a prima facie case of defendant's negligence by showing that the live wire with which he came in contact had fallen into the street, it was for the jury to determine whether the explanation offered by defendant was such as to relieve it from responsibility.

**5. SAME.**

Where, after plaintiff had established a prima facie case of defendant's negligence by showing that its wires were down in the street, and defendant offered no explanation except that a storm (which it was bound to anticipate in the construction and maintenance of its plant) had prevailed during the previous night, the jury might properly find that it had failed in the exercise of that care which the dangerous nature of its business demanded.

**6. SAME—NEGLIGENCE—SUFFICIENCY OF SHOWING.**

In an action against an electric light company for injuries caused by plaintiff's coming in contact with a live wire which had fallen into the street, plaintiff was not obliged to point out the specific cause of the accident, but it was sufficient for him to prove facts and circumstances from which the jury might fairly infer that the wire was either defective in construction or was negligently operated.

**7. SAME—CONTRIBUTORY NEGLIGENCE—ABSENCE OF—INFERENCE FROM CIRCUMSTANCES.**

While plaintiff is bound to establish freedom from contributory negligence, yet if all the circumstances attending the injury are proved, and the evidence excludes fault on plaintiff's part, either by act or neglect of duty, to which the injury might be attributed, due care may be inferred.

**8. SAME.**

Plaintiff's horse suddenly fell on his knees and refused to respond to the reins, whereupon plaintiff jumped out of the wagon over the forward wheel to ascertain the trouble, and in so doing came in contact with a grounded electric wire, immediately receiving a shock, rendering him unconscious. It was early morning in midwinter, so that the light was not good. *Held,* that the fact that plaintiff grabbed the wire in his fall, or came in contact with it on his hand reaching the ground, was not evidence of contributory negligence.

Appeal from Trial Term.

Action by Conrad Wolpers, Jr., an infant, by his guardian ad litem, Conrad Wolpers, against the New York & Queens Electric Light & Power Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John Notman (Lewis H. Freedman, on the brief), for appellant.
Melville J. France (Abram H. Dailey, on the brief), for respondent.

WOODWARD, J. Conrad Wolpers, Jr., on the morning of the 22d of January, 1903, between 6:35 and 7 o'clock, was driving a covered butcher wagon through Jackson avenue, Long Island City. When he reached a point about opposite the courthouse his horse fell upon his knees, and, upon being pulled up by the reins, the horse

refused to respond.   Wolpers jumped out of the wagon over the forward wheel, for the purpose of ascertaining what was the trouble with his horse, when he came in contact with a grounded wire of the defendant, receiving a shock which rendered him. unconscious. When found, the wire lay across his breast, and appeared to be held in one of the hands of Wolpers, and witnesses describe it as burning when it was removed by a letter carrier, who protected himself by using a newspaper to take hold of the wire.   There is no dispute that this wire belonged to the defendant, that it was one of the wires used in transmitting an electric current for light and power, and that it was carrying a voltage of 2,000 volts, the lines crossing the street and over the trolley wires of one of the local street surface railroads. The plaintiff was unable to tell anything about the accident farther than that when he jumped out of the wagon his foot came in contact with this wire, that he felt it tingle like needles in his feet and all over him, and that he then became unconscious.   There were no eyewitnesses of the accident at the moment of the contact, although it would appear from the fact that only the right hand of the plaintiff was injured, and this only as to two or three fingers, that he must have been discovered almost immediately after the contact; and there was no room to doubt the cause of the injury, for the wire was in his hand when discovered, although he testifies that he has no recollection of seeing the wire or of having taken hold of it.   The case was submitted to the jury, resulting in a verdict for $5,000, and, from the judgment entered, appeal comes to this court.

The defendant, on this appeal, apparently concedes that the falling of the wire raises a presumption of negligence on its part; but it is urged that this was fully rebutted by the testimony in the case bearing upon the question of the defendant's care in inspecting and repairing the lines, its use of the customary materials, and the general system commonly used for like purposes.   It is true that the case does present evidence from which the jury might have drawn the inference of care on the part of the defendant in the construction and operation of its lines, but whether the degree of care which the evidence shows to have been exercised met the duty of the defendant toward those lawfully using the highway was peculiarly a question of fact for the jury, under proper instructions.   The management and control of the wire was exclusively in the defendant; the accident was one which in the ordinary course of business does not happen if reasonable care is used; and the fact that the wire fell, producing the injuries for which the plaintiff complains, under the facts and circumstances disclosed by the evidence, affords sufficient evidence that the accident arose from want of care on the defendant's part.   Griffin v. Manice, 166 N. Y. 188, 194, 59 N. E. 925, 52 L. R. A. 922, 52 Am. St. Rep. 630, and authorities there cited.

The defendant introduced evidence to show that it had exercised some care in the construction and operation of its line, and there was some more or less negative testimony that the wire was not down within a few minutes of the time of the accident; but this testimony need not have been very convincing to a jury, for it was in substance that the witnesses did not see the wire down, which might be en-

tirely true, and yet the wire may have been down, for the hour was early, just about daylight, and an electric light wire is not a very conspicuous object. On the other hand, the plaintiff proved, or gave evidence tending to prove, that an elevator in a hospital near at hand, and which was served by the defendant, would not run at 6 o'clock that morning, and, while it was not shown that there was no other reason for its failure to act, the circumstance was one which might properly be taken into consideration. If the fact of the wire falling, under the circumstances described, constituted a prima facie case, calling upon the defendant for an explanation, it seems clear that it was for the jury to determine whether the explanation offered was such as to relieve the defendant from responsibility. Carmody v. Boston Gas Light Co., 162 Mass. 539, 542, 39 N. E. 184. The defendant made no explanation as to the cause of the accident; its testimony all related to the degree of care exercised in constructing, maintaining, and inspecting the wire; and it was for the jury to determine whether, conceding all that the defendant claimed, it had discharged the duty which the law imposed as a condition of operating its plant. "A wire carrying, along a public street in a densely populated city, electricity with a voltage sufficient to inflict the injuries which the boy received, is a constant and imminent menace to the safety of those who approach it, and requires a degree of care, in its erection and maintenance, commensurate with its liability to do injury." Wittleder v. Citizens' El. Illuminating Co., 47 App. Div. 410, 412, 62 N. Y. Supp. 297. When the defendant had pointed out all that it had done, and the plaintiff had established all of the facts within his knowledge bearing upon the question, it was for the jury to determine whether the defendant had met its obligations to the plaintiff. Where the defendant has knowledge of the facts, or where it is in a position to know them, but slight evidence is necessary to shift the burden of explanation. Griffin v. Manice, supra. As the defendant could offer no explanation of this accident, except that a storm (which it was bound to anticipate in the construction and maintenance of its plant) had prevailed during the previous night, the jury might properly find that it had failed in the exercise of that care which the dangerous character of its business demanded.

The criticism is made that the plaintiff had no specific ground of negligence to urge, but in our view of the case the plaintiff was not obliged to point out the specific cause of the accident. It was sufficient if he proved facts and circumstances from which the jury might fairly infer that the wire was either defective in its construction or negligently operated. Peck v. N. Y. C. & H. R. R. Co., 165 N. Y. 347, 351, 59 N. E. 206, and authorities there cited. This, in the absence of a satisfactory explanation, would sustain a recovery by plaintiff, and the jury had the responsibility of determining upon the sufficiency of the explanation offered. It is true, as suggested by the defendant, that if the proof of the defendant rebutted any presumption of negligence, or left the fact of negligence in doubt, the plaintiff would have no right to recover, as suggested in Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 57 N. E. 751; but this is a matter for the jury, as was determined in the case cited. "The jury," say the court,

"were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and, in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff." There is no doubt of the soundness of this proposition, but no such question is here presented, the jury having been permitted to pass upon the issue, under instructions which are not complained of in this regard.

The suggestion that the plaintiff was guilty of contributory negligence, because he was found with the wire between his fingers, is hardly tenable under the evidence in this case. The rule is that, while the plaintiff is bound to establish his freedom from negligence contributing to the accident, if all the circumstances under which the injury was received are proved, and the evidence excludes fault on the part of the plaintiff, and there was nothing in the conduct of the plaintiff, either of acts or of neglect, to which the injury might be attributed in whole or in part, due care may be inferred from the absence of all appearance of fault. Hilton v. Boston, 171 Mass. 478, 480, 51 N. E. 114, and authorities there cited. The plaintiff was the only witness of the accident, his story is wholly uncontradicted, and there is no fact or circumstance stated which could justify an inference of negligence on his part. His horse had fallen down; he was unable to bring him into action with the reins; he stepped down onto the ground in the early morning light, with no reason to expect electric lighting wires to be in his way, and came in contact with the wire with his feet, receiving the shock which rendered him unconscious. That he may have grabbed this wire in his fall, or even that he may have come in contact with it with his hand on reaching the ground, is not evidence of negligence under the evidence in this case, and the jury very properly exonerated him upon this branch of the case.

We have examined the matters to which our attention is further called, but have not found error justifying a reversal of this judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.