(110 App. Div. 426.)

## BENJAMIN v. VILLAGE OF TUPPER LAKE.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

1. TRIAL—INSTRUCTIONS—APPLICABILITY TO PLEADINGS.

In an action for negligence, a charge submitting a different ground of negligence than that alleged in the complaint, without any exception being taken or request for a different charge being made by either party, becomes the law of the case, and a verdict for plaintiff cannot be sustained by evidence of the negligence charged in the complaint.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 790.]

2. MUNICIPAL CORPORATIONS—TORTS—DEFECTIVE SIDEWALKS—ACTIONS FOR INJURIES—WEIGHT OF EVIDENCE.

In an action against a village for personal injuries caused by a defective sidewalk, a verdict for plaintiff *held* against the weight of the evidence.

3. WITNESSES—COMPETENCY—PRIVILEGED COMMUNICATIONS—STATEMENTS TO PHYSICIAN.

Under Code Civ. Proc. § 834, providing that a physician shall not be allowed to disclose information which he acquired in attending a patient in a professional capacity and which was necessary to enable him to act in that capacity, admissions made by an injured person to her physician as to the manner in which the injuries were caused are not privileged, although they were made during the course of an examination of the injured person by the physician, unless it appears that the information so imparted to the physician was necessary to enable him to act in that capacity.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 773.]

Appeal from Trial Term, Franklin County.

Action by Victoria Benjamin against the village of Tupper Lake. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

W. S. Wade and J. P. Kellas, for appellant.
Main & Bryant, for respondent.

CHESTER, J. The plaintiff's claim of negligence, as stated in her complaint, is, in substance, that the defendant suffered a section of a sidewalk upon one of its principal streets to be disconnected from the adjoining walk upon either end thereof and moved out into the highway a short distance, without placing a barrier or sign of any kind at the easterly end of the portion so moved out and disconnected to warn travelers of the disconnection; that the walk was considerably higher than the ground at said end; and that the plaintiff, in the nighttime, without any fault of her own, stepped off the walk there, fell, and was injured thereby.

It is evident that the action was tried entirely outside of the pleadings. On the trial the plaintiff claimed that she was injured because of the absence of a step at the east end of the portion of the walk moved out into the highway where she fell, and not because of any faulty construction of the walk or step. The plaintiff and her husband were allowed to testify without objection that at the time she fell off the end of the walk there was no step there, and it was shown that there was a drop there of from 12 to 24 inches. The court charged

the jury that, if the step was in its place at the time of the accident, the plaintiff could not recover. This in substance was charged two or three times, and no exception was taken to such charge, and there was no request on the part of the plaintiff to submit to the jury any other question of the defendant's negligence. The charge as made therefore became by consent of the parties the law of the case, and the jury have found in effect that, because of the absence of the step, the defendant was guilty of negligence. The plaintiff has had a recovery on that ground alone. On that question the verdict is clearly against the weight of the evidence. The only persons swearing to the absence of the step at the time were the plaintiff and her husband. It was clearly shown that when the walk was moved out a substantial step was built at the easterly end and securely fastened there, and also that the step remained as built continuously from the time it was put there, when the walk was moved out, until long after the accident happened. That the step was there at the time of the accident was shown so clearly by so many disinterested witnesses, some of whom were produced by the plaintiff, that a verdict based upon the interested testimony of the plaintiff and her husband to the contrary cannot be sustained.

Again, there was no evidence of either actual or constructive notice to the defendant of the absence of the step. Assuming for the argument that the testimony of the plaintiff and her husband as to the absence of the step was true, that testimony related simply to the time of the accident, and there was no testimony that the defendant or any of its officers knew it was absent, and no testimony of its absence at any other time prior to that moment. There was nothing therefore upon which the jury could find that the condition claimed by the plaintiff had existed so long that the defendant was chargeable with notice thereof.

The respondent tries to save her verdict because there was proof of the absence of a barrier at the east end of the walk and of a light at that point, but the answer to that contention is that she has consented to her case going to the jury upon an altogether different theory with no request to the court to present those phases of the case to the jury for their determination.

There was also an error in excluding evidence that will require a new trial. A physician who had treated the plaintiff for the injury was called by the defendant and testified that he had a conversation with her as to the manner in which this accident occurred. He was then asked: "What did she tell you as to that?" This was objected to as incompetent and immaterial. In reply to questions by the court the witness stated that "this talk was while I was making an examination of her in order to prescribe for her and as a part of my examination." The court sustained the objection, and the defendant excepted. The witness nowhere stated that it was necessary for him to know how the accident happened in order to enable him to act for the plaintiff in a professional capacity, and it is apparent here that it was not necessary for him to know how the accident happened in order to enable him so to act. It was sufficient for that purpose that he knew or was informed of the character of the injuries received and not as to how they were received. If the plaintiff in such talk made admissions to the physician as

97 N.Y.S.—33

to the manner in which the accident happened, it not appearing that the information so acquired was necessary to enable him to act in that capacity, such admissions were not protected by section 834 of the Code of Civil Procedure. Green v. Met. St. Ry., 171 N. Y. 201, 63 N. E. 958, 89 Am. St. Rep. 807.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.