GERBER v. BOORSTEIN.

(Supreme Court, Appellate Division, Second Department. June 27, 1906.)

1. MUNICIPAL CORPORATIONS—USE OF STREET AS HIGHWAY—COLLISION OF TEAM WITH PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

One who steps from the curb of a street at a distance of 75 feet from the corner of another street to cross just as a two horse team turns the corner into the street, and proceeds to cross, but after passing in front of the horse nearest to him at a distance of 15 feet from the curb is struck by the other horse, cannot be held guilty of negligence as a matter of law.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1515.]

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS—QUESTIONS FOR JURY.

Whether a boy nine years old, who is crossing a street is struck by a team, is sui juris, and so capable of being guilty of contributory negligence, is not a question of law, but one for the jury.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 124, 347, 348.]

Appeal from Trial Term, Kings County.

Action by William Gerber, an infant, by Abraham Gerber, his guardian ad litem, against Harry M. Boorstein. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Abraham Oberstein, for appellant.

Frank Verner Johnson, for respondent.

GAYNOR, J. The facts which the jury could have found are that the plaintiff, a 9 year old boy, started to cross the street 75 feet from the corner of another street; that the first rail of the street car tracks was 13 feet from the curb; that as the plaintiff stepped from the curb the defendant's team turned the said corner into the street and came along fast in the left hand car track, viz., the one next to the plaintiff; that the plaintiff cleared the left hand horse, viz., the one nearer the curb, but was hit by the off horse and knocked down.

Even if the plaintiff had been an adult the non-suit would have been error, for if there had been evidence that he looked and saw the team so far away when he was at the curb, it could not have been ruled as matter of law that it was negligence in him to attempt to cross ahead of the team. That being so, it of course cannot be held as matter of law that his failure to look was "contributory" negligence even though it could be called negligence. The court cannot non-suit for negligence which cannot as matter of law be held to have contributed to the accident.

But there is another insuperable difficulty to sustaining the nonsuit. The court could not decide as matter of law that the plaintiff was negligent. The degree of his intelligence and maturity was for the jury, not the court, to determine, and on determining it, it was another question of fact for them, considering his degree of intelligence and maturity as they found it, whether he was guilty of negligence. If there be any case at all in which the court may rule as matter of law that a child under 12 was negligent, this is not the case. In the case of an infant who has arrived at the age of 12, the law presumes him suri juris, but the contrary may be proved and found as a matter of fact, the burden of proof being on the side asserting it. In the case of a child under 12, the law does not presume him sui juris. Whether he be sui juris is a question of fact, the burden of proof being on the side asserting it. Tucker v. N. Y. C. & H. R. Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670; Zwack v. N. Y. L. E. & W. R. Co., 160 N. Y. 362, 54 N. E. 785; McDonald v. Metropolitan St. R. Co., 80 App. Div. 233, 90 N. Y. Supp. 577.

It seems to me that the judgment should be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.