Herman Gettner, for appellant.
Henry H. Silver, for respondent.

PER CURIAM. The plaintiff, appearing by one Bernhard Hess, brought an action upon a check of the defendant, who answered with a general denial and a counterclaim for $50. The summons was returnable April 17, 1907, when the trial was set for the 18th. On that day the case was marked "Ready on both sides," though the clerk and afterwards the court suggested that it could not be reached. Plaintiff's counsel insisted day by day upon the case being marked "Ready," until April 26th, when, he not appearing, the defendant had his complaint dismissed, and upon an inquest took judgment for the counterclaim of $50. A transcript of the judgment was filed in the office of the county clerk; and thereafter the defendant's judgment was collected through an attachment upon funds in the Jefferson Bank. Some months afterwards, November 1, 1907, the defendant was served with a summons in the Fourth District Court in an action brought upon the same check by one Samuel Tomberg, for whom the same attorney, Bernhard Hess, appeared, in which action on the trial the plaintiff therein, Tomberg, swore the check had been indorsed to him by Klotz. That action was dismissed. About a month later the motion to open the default, involved upon this appeal, was made by the plaintiff's present attorney, who presented an affidavit with much detail, which was replied to by an affidavit also in detail. The situation with all its circumstances being thus presented at length to the learned justice, he, in discreet exercise of his discretion, denied the motion to open the default, but inadvertently with $10 costs, which allowance, not being provided for in Municipal Court Act, Laws 1902, p. 1563, c. 580, § 256, should be stricken from the order upon which comes this appeal.

Order appealed from modified, by striking out the words "with $10 costs," and, as modified, affirmed, without costs on this appeal.

---

## GILLAN v. O'LARRY.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

1. APPEAL—SCOPE OF REVIEW—FAILURE TO APPEAL FROM ORDER DENYING NEW TRIAL.

Where no appeal is taken from an order denying a motion for a new trial, the weight of the evidence cannot be reviewed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3461.]

2. SAME—APPEAL FROM JUDGMENT.

An appeal from the judgment alone presents for review only questions of law arising upon exceptions taken during the trial, and is in effect a waiver of any further review of the questions of fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3456–3461.]

**3.** WORK AND LABOR—IMPLIED CONTRACT—PRESUMPTION THAT SERVICES WERE TO BE PAID FOR.

Plaintiff entered the home of decedent, who was not a relative, and acted as her maid, companion, nurse, etc., for many years, receiving only $15 in money. It appeared that decedent had at various times declared in the presence of plaintiff and others that she intended by a provision in her will to compensate plaintiff for her work. *Held*, that there was a presumption of law that the services were to be paid for.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Work and Labor, §§ 47–49.]

**4.** TRIAL—INSTRUCTION—FAILURE TO EXCEPT—LAW OF CASE.

Where the court charges the jury on a question of law, and no exception is taken, the proposition laid down becomes the law of the case by acquiescence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 683–685.]

**5** CONTRACTS—NATURE—"EXPRESS AND IMPLIED CONTRACTS."

A contract is "express" where the agreement is formal and stated either verbally or in writing, and is "implied" where the agreement is matter of inference and deduction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 3–6.

For other definitions, see Words and Phrases, vol. 3, p. 2606; vol. 4, pp. 3428–3431.]

**6.** WORK AND LABOR—IMPLIED CONTRACT FOR SERVICES.

Where plaintiff went to live with decedent, upon her request to come and live with her and care for her in her declining years and upon decedent's promise to provide proper compensation in her will, the contract for her services was an implied contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Work and Labor, §§ 11, 11½.]

Appeal from Trial Term.

Action by Bridget Gillan against Patrick O'Larry, otherwise called Patrick O'Leary, as executor of Ellen Rice. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Joseph M. Gazzam, Jr., for appellant.
Charles S. Taber, for respondent.

WOODWARD, J. The plaintiff brings this action, and alleges that:

"Heretofore, and on or about the 10th day of September, 1894, Ellen Rice requested the plaintiff to come and reside with her, the said Ellen Rice * * * for the purpose of acting as a companion, and to take care of her, the said Ellen Rice, in her declining years; and plaintiff thereupon, at the express instance and request of the said Ellen Rice, thereupon took up her residence, * * * and thereafter, and from the 10th day of September, 1894, until the death of said Ellen Rice on May 9, 1905, acted as the companion and housekeeper of the said Ellen Rice, and during all that time performed services as housekeeper, cook, secretary, and companion, which services were reasonably worth the sum of $20 per month. That to induce the plaintiff to render such services without immediate compensation the said Ellen Rice frequently stated to plaintiff and to others, and promised, that she would make suitable provision for this plaintiff in and by her last will and testament, as full compensation for such services, and plaintiff performed the same relying upon such statements and promises."

She then alleges that she has received only $15 on account of such services,.and that the said Ellen Rice departed this life on the 9th day of May, 1905, leaving a last will and testament, and that the plaintiff was only given $100 by the provisions of the said will, and the further formal allegations necessary to the cause of action. The defendant answered the material allegations as to the request and the promise to pay, and upon the issue so formed the parties went to trial. A second cause of action for services as nurse was set forth, but this was taken from the consideration of the jury, so that the only questions here presented relate to the judgment entered upon the verdict of the jury in favor of the plaintiff; the defendant appealing.

At the close of plaintiff's case the defendant moved to dismiss the complaint upon the ground that:

"The plaintiff has not proven the cause of action set forth in the complaint; and there is no proof here at all of any request on the part of the plaintiff, in September, 1894, or at any other time; and as to the nursing and the alleged second cause of action there is no proof at all that there was any request of any kind, or any promise or agreement or understanding for extra compensation."

The court granted the motion as to the second cause of action. Defendant's counsel then continued:

"The complaint sets forth a request, or contract, or agreement, entered into at the time this plaintiff went there. The only testimony in her own case to support that is testimony which fails to support it, and contradicts it, so that I do not think the question should be submitted to the jury."

The court pointed out the general rule of law, suggested that there was evidence in support of the plaintiff's first cause of action, and declared an intention of sending the case to the jury. To this defendant's counsel took an exception. The motion to dismiss was not renewed at the close of the case, after defendant had called witnesses, and the case was submitted to the jury upon a charge to which the defendant took no exception; all of the defendant's requests to charge being granted. Upon the jury rendering a verdict for the plaintiff, defendant moved for a new trial upon the minutes, this motion being denied; but the order was not appealed from, so that we have merely the judgment before us.

It may be conceded that the rule laid down in Hopkins v. Clark, 158 N. Y. 299, 304, 53 N. E. 27, is not controlling upon this court in the review of judgments of the trial court; that this court may review the question of the sufficiency of the evidence as disclosed at the close of plaintiff's case, without a renewal of the motion at the close of the entire evidence; but that does not help the appellant in this case, from the fact that there was unquestionably some evidence of the contract alleged in the complaint, and we cannot review the weight of evidence, where there is no appeal from the order denying the motion for a new trial. The appeal is alone from the judgment, bringing up for review only questions of law arising upon exceptions taken during the trial, and is, in effect, a waiver of any further review of the questions of fact. Collier v. Collins, 172 N. Y. 99, 101, 64 N. E. 787.

The plaintiff in this action was not a relative of the testatrix. She was shown by disinterested witnesses to have gone into the home of the

testatrix, an old woman, living rather meanly, and to have performed the services of a maid, companion, nurse, etc., during a long series of years, during which time she received only $15 in money. The plaintiff produced witnesses to testify that the testatrix had at various times declared in the presence of the plaintiff and the witnesses that the plaintiff was to be compensated for her work by a provision in the will of the testatrix, and the court charged the jury, without exception on the part of the defendant, that under such circumstances there was a presumption of law that the services were to be compensated for. This is undoubtedly the law. It became the law of this case by acquiescence on the part of the defendant, and unless there are valid exceptions upon the trial the judgment must be affirmed.

The appellant urges that the proofs are at variance with the facts alleged in the complaint, and the exceptions taken relate to this proposition. The defendant insists that the complaint set forth an express contract, and that the proof only goes to establish, if anything, an implied contract. As we read the complaint it does not allege an express contract. A contract is express when the agreement is formal, and stated either verbally or in writing, and is implied when the agreement is matter of inference and deduction. In other words, a contract is express when it consists of words, written or spoken, expressing an actual agreement of the parties. It is implied when it is evidenced by conduct manifesting an intention of an agreement. Beach on the Modern Law of Contracts, § 14. The contract set forth in the complaint does not pretend to set forth the terms of the agreement. It simply alleges that the testatrix requested the plaintiff to come and live with her, and to care for her in her declining years; that the plaintiff did go and reside with her, performing the household and personal services necessary to the comfort of the testatrix; and that the latter induced the plaintiff to do these things by promising to provide proper compensation in her will; and she produced evidence from which these facts might properly be adduced. The contract alleged was an implied contract, and all evidence going to show the facts surrounding the transaction was clearly competent under the pleadings.

An examination of the exceptions shows no reversible error, and the judgment appealed from should stand.

Judgment and order affirmed, with costs. All concur.