the case to the jury upon a charge which was certainly fair to the defendant, and, upon the jury finding in favor of the plaintiff, on motion set the verdict aside.

It may be conceded that this is a close case; but if it is true, and the jury have so found, presumptively, that this icy and dangerous condition of the crosswalk was due to the snowfall of two weeks prior to the accident, then the conditions were such as to call upon the defendant to act, and while there is evidence in the case tending to show that the defendant did act, that it had its men on hand, properly equipped to do the work of cleaning these crosswalks, yet the evidence is sufficient to warrant the jury in concluding that this work was not properly done, under all the surrounding circumstances, and that the defendant was negligent in the discharge of a duty which it had voluntarily assumed toward this plaintiff and others lawfully making use of this crosswalk. The case, as pointed out on the previous appeal in a dissenting opinion, is hardly parallel with the Taylor Case; and, the defendant having had the advantage of two trials, it would seem proper that the verdict of the jury in this case should be sustained.

The order and judgment appealed from should be reversed and the verdict of the jury reinstated, with costs.

---

## GREALISH v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. January 8, 1909.)

1. STREET RAILROADS (§ 100*)—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

In an action for the death of a child 8½ years old by being run over by a street car, her intellectual capacity to appreciate the dangerous character of a car is not to be determined by a consideration of the abstract intelligence of children of that age, but by what she understood; and, if she exercised care commensurate with her intelligence, she discharged her duty to the company, and was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 217; Dec. Dig. § 100.*]

2. EVIDENCE (§ 56*)—PRESUMPTIONS—PERSONAL STATUS—INFANTS.

Children under 12 years old are presumptively non sui juris, and the burden is on one claiming that a child under that age was as a matter of fact sui juris to show it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 76; Dec. Dig. § 56.*]

3. INFANTS (§ 1*)—"NON SUI JURIS."

"Non sui juris" means not yet arrived at the age of adult discretion.

[Ed. Note.—For other cases, see Infants, Dec. Dig. § 1.*]

4. TRIAL (§ 256*)—INSTRUCTIONS—DUTY OF REQUEST.

If, in an action for the death of a child, defendant wanted it left to the jury to determine whether the parents were negligent in letting the child go to school accompanied only by her 10 year old sister, it should have asked for such an instruction after seeing that the judge omitted to instruct on that point.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 628; Dec. Dig. § 256.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Queens County.

Action by Ellen F. Grealish, administratrix of Isabella S. Grealish, against the Brooklyn, Queens County & Suburban Railroad Company. From an order vacating a verdict for plaintiff, and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before WOODWARD, GAYNOR, RICH, and MIL-LER, JJ.

Patrick L. Ryan (William Brunner, on the brief), for appellant.
D. A. Marsh, for respondent.

GAYNOR, J. The decedent, a little girl 8½ years old, was cross-ing the street with a bunch of little children, from the schoolhouse they attended to drink at a fountain opposite. A street car ran through them. There were one or more narrow escapes, and the decedent was killed. The learned trial judge set the verdict for the plaintiff aside on the sole ground that the case was tried on the theory that the child was sui juris, and as there was no evidence of care on her part the verdict was unsupported. There is nothing in the record to support this statement. Counsel for the plaintiff announced no such theory, nor did counsel for the defendant entertain it, for one of the grounds of his motion to dismiss at the close was "that it has not been shown that this child if non sui juris was in the care of any competent person at the time of the happening of the accident"; nor did the learned trial judge entertain it, for all that he charged on the subject was in the following clear and admirable instruction for the case of a child, viz.:

"It is difficult for you to determine from the evidence which you have heard as to this child's mental qualities, what degree of intelligence the child had as to the appreciation of danger from a trolley car, what degree of intelligence she had as to the need of caution on her own part. You are not to consider what is the abstract intelligence of a child of 8½ years. That is not the law, each case depends upon itself, and upon the evidence in that particular case, and so here it is not what an abstract child of 8½ years, but what this particular child understood, and that you must find from the evi-dence in the case, for according to the intelligence which she possessed, that is the appreciation of danger, and the appreciation of care and caution, she owed it to the company to exercise that knowledge and to exercise that degree of care. If she did that, then she omitted no duty which she owed to the company, and would not have been guilty of what is called contributory negligence. If, on the other hand, just before the accident, and until the accident happened, the child failed to exercise its own intelligence, as you find it to have existed in that child, then the child did omit a duty which it owed to the company and the plaintiff in this action cannot recover."

And in addition to all of this the law is that children under 12 years of age are presumptively non sui juris, i. e., not yet arrived at what is called the age of adult discretion, and the burden of proof is on the side claiming that a child under that age was as matter of fact sui juris. Gerber v. Boorstein, 113 App. Div. 808, 99 N. Y. Supp. 1091.

In a child's life there is a wide zone between a complete lack of in-telligence and the intelligence and care of a person who has reached the period of full discretion. That zone keeps narrowing all the time until it is finally obliterated. Meanwhile the rule is just as the learned trial

judge charged it, provided the child has reached any intelligence and discretion, and may therefore be subjected to a rule at all.

If the counsel for the defendant wanted it left to the jury whether the parents of the child were negligent in letting the child go to school accompanied only by her ten year old sister (which can hardly be supposed) it was for him to ask it after seeing that the judge omitted to charge on that head.

The order should be reversed and the verdict reinstated.

Order reversed, and verdict reinstated, with costs.  All concur.