### HEBERT v. HUDSON RIVER ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. ELECTRICITY (§ 19*)—INJURIES INCIDENT TO PRODUCTION—ACTIONS—ELEMENTS.

In an action for injuries caused by coming in contact with a live electric light wire, evidence *held* to show that defendant had some connection with the wire even if it did not own or control it, and was sufficient to take the case to the jury on the question of its liability for injuries arising by sending a powerful current of electricity through a defective wire, and the question of its negligence in making use of a defective wire, or in not knowing by reason of failure to properly inspect that it was in an unsafe condition.

[Ed. Note.—For other cases, see Electricity, Dec. Dig. § 19.*]

2. ELECTRICITY (§ 19*)—INJURIES INCIDENT TO PRODUCTION—ACTIONS—BURDEN OF PROOF.

In an action for injuries caused by coming in contact with a live electric light wire which had fallen on the premises on which plaintiff lived, the doctrine of res ipsa loquitur applies, and after plaintiff has shown the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defective condition of the wire, that defendant was making use of it in its business, and had supplied the electrical energy which caused plaintiff's injuries, and had shown the circumstances under which the accident happened, the burden rested on defendant to rebut the question of negligence arising from the happening of the accident.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11; Dec. Dig. § 19.*]

3. NEGLIGENCE (§ 85*)—CONTRIBUTORY NEGLIGENCE—CHILDREN.

A child eight years old is presumed to be non sui juris.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 124, 223; Dec. Dig. § 85.*]

4. NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The question of the contributory negligence of a child of the age of eight years is for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 348; Dec. Dig. § 136.*]

Appeal from Trial Term, Saratoga County.

Action by Eva Hebert, by George A. Rice, her guardian ad litem, against the Hudson River Electric Company. From a judgment of nonsuit, plaintiff appeals. Reversed.

The plaintiff was injured by coming in contact with a live electric light wire which had broken and fallen in the yard in front of the house where she lived with her father in Mechanicsville. She was at the time of the injury a little girl about eight years old. The defendant at the time of the accident, and for some time prior thereto, had been furnishing electric power to the Half Moon Light, Heat & Power Company of Mechanicsville over the wire in question, and had been receiving pay therefor. The wire was erected 25½ feet above the ground and was practically over and parallel with the street line, although at the southerly corner of the lot occupied by the plaintiff's father it was directly over such lot and about 2 feet outside the street line, and at the northerly corner of the lot, which was 125 feet wide, it was 12½ inches inside the street line. At the point in front of the house on such lot where plaintiff lived, it was only a few inches outside the street line and over the lot. When it fell, it rested on the ground on the lot about two feet from the street line and six feet from the front steps leading to such house. It was charged with 2,300 volts of electricity, and the accident to the plaintiff happened about 2½ hours after the wire fell.

The court on the trial granted a nonsuit on the ground that no negligence had been shown, and that, if the wire was a nuisance or trespass, no one but the owner of the lot could maintain an action for injuries occasioned thereby.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

George R. Salisbury, for appellant.
Thomas J. Keenan, for respondent.

CHESTER, J.  The complaint was framed with allegations appropriate to constitute a cause of action for either negligence, nuisance, or trespass. We need not consider whether the facts proven were sufficient to justify the submission of the case to the jury under the allegations respecting nuisance or trespass, for the reason that enough was shown to require the submission of the question of the defendant's negligence to the jury. It appeared that the defendant was delivering electrical energy over the wire in question to the Half Moon Light,

Heat & Power Company at its power station in Mechanicsville, so that company in turn could supply its customers with electricity for light, heat, and power purposes. The place where the wire broke and the accident happened was at a point on the line before the electrical energy had been delivered by the defendant to the Half Moon Light, Heat & Power Company. The proof was that that company did not own the wire or the poles on which it was strung. The electrician who repaired the broken wire testified that it ran to the Half Moon Light, Heat & Power Company at one end and at the other to a building on the Hudson river, south of Mechanicsville; that the sign on the building at that time was "Hudson River Electric Company"; that the building was a power house, and the only business done there was furnishing electricity. This proof tended to show that the defendant had some connection with the wire, even if it did not own or control it. It is clear that it was making use of it in transmitting a powerful and dangerous current of electricity over it, and, even if it did not in fact own it, still it was not free from fault, and it might properly be held liable for injuries arising by sending such a current through a defective, improperly insulated, or broken wire, and that its negligence consisted in making use of such a wire for that purpose, or in not knowing, by reason of its failure to properly inspect, that it was in an improper and unsafe condition for such transmission.

In a case like this, the doctrine of res ipsa loquitur applies, and after the plaintiff had furnished proof showing the defective and broken condition of the wire, that the defendant was making use of it in its business, and had supplied the electrical energy which caused the plaintiff's injuries and showing the circumstances under which the accident happened, the burden rested upon the defendant to rebut the presumption of negligence arising from the happening of the accident itself. O'Leary v. Glens Falls Gas & Electric Light Co., 107 App. Div. 505, 95 N. Y. Supp. 232; Smith v. Brooklyn Heights R. R. Co., 82 App. Div. 532, 81 N. Y. Supp. 838; Wolpers v. N. Y. Queens Elec. L. Co., 91 App. Div. 424, 86 N. Y. Supp. 845. Although the cases cited related to wires erected in the street, I see no reason why they should not apply to a wire erected as near the street as was this one, and which was as liable to fall in the street if broken, as it was to fall outside of it.

For these reasons, the court should not have said as a matter of law that there was no liability resting upon the defendant, and should have submitted the question of defendant's negligence to the jury.

The plaintiff, being a child of the age of eight years, was presumed to be non sui juris, and the question of her contributory negligence was also for the jury. McGovern v. N. Y. C. & H. R. Rd. Co., 67 N. Y. 417; Zwack v. N. Y., L. E. & W. R. R. Co., 160 N. Y. 362, 54 N. E. 785; Gerber v. Boorstein, 113 App. Div. 808, 99 N. Y. Supp. 1091.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SEWELL, J., not voting.