STREAT COAL CO., INC., Appellant, v. THE FRANKFORT GENERAL
INSURANCE COMPANY, Respondent.

First Department, April 6, 1923.

Insurance — indemnity insurance — action by insured to recover from
insurer difference between face of policy and amount of judgment
against insured — action based on failure of insurer to inform insured
of offer of settlement for face of policy — parties acquiesced in con-
struction of contract that insurer was bound to notify insured of offer
— jury instructed, without objection, to find for insured if there was offer
of settlement — error to set aside verdict in favor of insured on ground
that there was no evidence that insured would have accepted offer.

In an action against an accident indemnity insurance company to recover the
difference between the face of the policy and the amount of a judgment which
had been secured against the plaintiff, it appeared that the injured party had
offered to settle the case with the insurer for the face of the policy; that that
offer was refused by the insurer and was not communicated to the insured; and
that both parties to this action acquiesced in the construction of the contract
by the court to the effect that it was the duty of the insurer to notify the insured
of the offer of settlement upon the theory that the contract provided a contin-
gency under which the insured might settle a claim at its own expense.

Held, that it was error for the court to set aside the verdict of the jury and dismiss
the complaint upon the ground that the evidence did not sustain a finding that
the plaintiff, had the offer been communicated to it, would have accepted the
same.

The defendant cannot now complain that the issue as to whether the plaintiff
would have accepted the offer of settlement was not submitted to the jury, since
it did not object to the instruction of the court that if the jury found that an
offer of settlement was made, as alleged, then they should find for the plaintiff.

SMITH, J., dissents.

APPEAL by the plaintiff, Streat Coal Co., Inc., from an order
of the Supreme Court, made at the New York Trial Term and
entered in the office of the clerk of the county of New York on
the 13th day of January, 1922, setting aside the verdict of a jury
and dismissing the complaint upon the merits, and also from the
judgment in favor of the defendant, entered in said clerk's office
on the 31st day of January, 1922, pursuant to said order.

Olcott, Bonynge, McManus & Ernst [Monroe M. Schwarzschild
of counsel; Neilson Olcott with him on the brief], for the appellant.

James B. Henney [Daniel Miner of counsel], for the respondent.

FINCH, J.:

The defendant issued a policy of accident indemnity insurance
to the plaintiff in the sum of $5,000. An accident occurred, as
a result of which actions were commenced against the plaintiff,
in which damages of $40,000 were demanded; and the defendant,
pursuant to the terms of the policy, undertook to defend the same.

Judgments were obtained against the plaintiff and affirmed on appeal. The plaintiff paid $13,097.66 in satisfaction of said judgments, receiving from the defendant a contribution of $5,752.42 in payment of its liability under the policy. The plaintiff subsequently ascertained that the defendant insurance company had been offered a settlement of the actions for the sum of $5,000, which offer the defendant rejected, because, that being the amount of the policy, there was nothing to be gained by them in making such a settlement, as they could not lose more than $5,000 in any event. Said offer was not communicated by the defendant to the plaintiff. The plaintiff claimed it would have accepted said offer (and so testified) and brought this action to recover its damage. The jury by its verdict found the facts to be as claimed by the plaintiff. The court, however, set aside the verdict and dismissed the complaint upon the ground that the evidence does not sustain a finding that the plaintiff, had the offer been communicated to it, would have accepted the same.

In this the learned court was in error. The court construed the contract as imposing upon the defendant the duty of informing the plaintiff of the offer of settlement, upon the theory that, since the contract provided a contingency under which the assured might settle a claim at its own expense, it, therefore, had a right to settle the same, and in order to exercise that right was entitled to be informed that there had been an offer of settlement. This theory was acquiesced in by both parties and thus became the law of the case. (*Benjamin* v. *Village of Tupper Lake*, 110 App. Div. 426; *Schweinburg* v. *Altman*, 145 id. 377; affd., 207 N. Y. 681; *Gillan* v. *O'Leary*, 124 App. Div. 498.) The case was submitted to the jury upon the sole question of fact whether there had been an offer of settlement as alleged, in which event they were instructed to find for the plaintiff. To this instruction there was no objection or exception and no request for any contrary instruction. If the defendant considered there was an issue as to whether the plaintiff would have accepted the offer of settlement, and desired such issue presented to the jury, it was incumbent on the defendant to request the submission of the same to the jury. (*Grealish* v. *Brooklyn, Queens County & Suburban R. R. Co.*, 130 App. Div. 238; affd., 197 N. Y. 540.)

It follows that the judgment and order should be reversed, with costs, and the verdict reinstated.

Dowling, Merrell and McAvoy, JJ., concur; Smith, J., dissents.

Judgment and order reversed and verdict reinstated, with costs.