In the Matter of the Judicial Settlement of the Account of ALTON H. DU FLON, as Administrator, etc., of WILLIAM VAN AKEN DU FLON, Deceased.

BERTHE GOSSELIN, Appellant; ALTON H. DU FLON, Individually, and as Administrator, etc., of WILLIAM VAN AKEN DU FLON, Deceased, Respondent.

Third Department, February 18, 1931.

*Watts, Oakes & Bright* [*George F. Roesch, 2d*, of counsel], for the appellant.

*John W. Eckert*, for the respondent.

VAN KIRK, P. J. Claimant, a working woman without family, home or savings, in January, 1923, entered the home of deceased,

a working man without a family, but having a home and moderate savings. Until his death in July, 1929, she did the housework, owned and kept poultry on the place, sold eggs and young birds; also used birds in the house. He furnished the home and paid the expenses of the family of two persons. There is no proof of the arrangement made when she entered the home; she was paid no wages as such, nor did she ever ask payment during the six years. The admissions said to have been made to the real estate agents and to her son are as consistent with an intent to make her a gift in appreciation of her loyalty and faithful work as with an existing contract to pay her wages; also the credibility of the witnesses thereto was for the surrogate. An agreement that she should do the housework in consideration of a home and support would be fair and reasonable; she would be working for herself as well as for him. The surrogate was justified in disallowing the claim and the decree should be affirmed.

All concur, except DAVIS, J., who dissents, with an opinion, in which HILL, J., concurs.

DAVIS, J. (dissenting). The claimant, I believe, is entitled to compensation for her long years of service. An express obligation to pay is indicated by the evidence, and an implied promise is apparent from the facts. (*Moore* v. *Moore*, 3 Abb. Ct. App. Dec. 303, 312; *Gillan* v. *O'Leary*, 124 App. Div. 498, 501.) Claimant was a stranger, not seeking a home, and the decedent needed a housekeeper, and had no thought of extending the charity of his roof. The surrogate was not justified in not taking into consideration the evidence of service performed and its value. (*Hull* v. *Littauer*, 162 N. Y. 569, 572; *McKeon* v. *Van Slyck*, 223 id. 392.) Meritorious claims should not be rejected by over-cautious courts. (*Matter of Wood*, 207 App. Div. 41, 45.)

The decree should be reversed and the claim allowed. (*Matter of McGillicuddy*, 194 App. Div. 28; *Matter of Hughes*, 229 id. 614; *Matter of Brush*, 230 id. 787, revg. 136 Misc. 581.) I dissent and vote to reverse and for allowance of claim at the rate of twenty-five dollars per month.

HILL, J., concurs.

Decree affirmed, with costs to the respondent payable out of the estate.