## HEALEY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 11, 1897.)

STREET RAILROADS—INJURY TO PERSON CROSSING TRACK.

Plaintiff, who was struck by defendant's street car, was guilty of contributory negligence where she went on the tracks without looking for an approaching car after leaving the door of the house from which she came.

Appeal from trial term, Kings county.

Action by Bridget Healey against the Brooklyn Heights Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff for $3,000, and from an order denying a motion for a new trial, made on the minutes, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles A. Collin, for appellant.

Charles J. Patterson, for respondent.

WILLARD BARTLETT, J.   As was intimated upon the oral argument of this case, we think the plaintiff was so plainly chargeable with contributory negligence that we ought not to allow the verdict to stand.   It is impossible, upon a fair consideration of her own testimony, to avoid the conclusion that a very slight degree of care on her part would have prevented the accident.   The evidence really indicates that she walked right into the fender of the defendant's trolley car, on a clear day, with nothing in the street to distract her attention or obstruct her view, simply because she neglected to look in the direction from which the car was approaching.   So far as the proof shows, the plaintiff looked in that direction only once, and then too long before she actually reached the track to make the precaution sufficient, or justify her in attempting to cross the rails without looking again.   She desired to go from No. 340 Gates avenue diagonally across the street to No. 355, where she lived.   There was no cross walk there.   Before starting, she stood on the stoop of No. 340, and looked towards Bedford avenue, to see if a car was coming.   She had a view of Gates avenue down to Bedford, saw no car, and proceeded from the stoop down onto the street.   "I then came home," she says. "Come down and walked along the curbstone to come home.   I walked easy, because it was a hot day.   As I proceeded across the street, I got struck by the trolley.   The trolley that struck me was going towards Nostrand avenue."   The car was therefore coming from Bedford avenue.   When asked whether she had looked towards Bedford avenue after she stood on the stoop, the plaintiff answered that she did not remember.   We think that it was necessary, under all the circumstances, for the plaintiff to prove that she did look in that direction after leaving the stoop, and before attempting to cross the track, in order to establish the absence of contributory negligence on her part.   It is evident that she moved with considerable deliberation.   She says she walked slowly, and when asked whether it took her two minutes to cross from the stoop her response was: "Oh,

more than that. Indeed it did, because I am not a fast walker." The event proved that she took time enough for the defendant's car to come into view, and a glance in the direction of Bedford avenue would have disclosed its approach, and the peril the plaintiff would incur by endeavoring to cross before it. We think that ordinary prudence demanded greater precaution than she exercised in this respect, and that the injury which she sustained is largely attributable to her own want of care. We do not deem it necessary to support these conclusions by the citation of authorities, or a discussion of the evidence in detail. To all the members of the court the case seemed upon the argument, and seems now, an exceedingly plain case of contributory negligence. It follows that the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.