LOFSTEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   October 14, 1904.)

1. STREET RAILROADS—INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—
   QUESTION FOR JURY.
       A pedestrian on reaching a street looked for street cars in both direc-
   tions before attempting to cross.  He saw a car slowly approaching about
   50 feet distant.  The curb was about 16 feet from the center of the track,
   and he did not look again, but walked rapidly across the street, and
   reached the track, when the motorman in charge of the car admonished
   him of the danger, but it was too late, and he was struck by the car.
   He was in plain view of the motorman during the time he walked from
   the curb to the track.  Held, that the question of his contributory negli-
   gence precluding a recovery was for the jury.
       Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Charles Lofsten against the Brooklyn Heights Railroad
Company.  From a judgment for plaintiff, and from an order denying
a motion for a new trial, made on the minutes, defendant appeals.  Af-
firmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

I. R. Oeland (H. F. Ives, on the brief), for appellant.
Benjamin F. Norris, for respondent.

HIRSCHBERG, P. J.   The plaintiff has obtained a small verdict
for personal injuries sustained in a collision with one of the defendant's
street cars at the intersection of Hoyt and Fulton streets, in the borough
of Brooklyn.   He left his home on the east side of Hoyt street at about
20 minutes past 7 on the morning of the accident, and when he reached
Fulton street looked for cars in both directions before attempting to
cross.   He says that he saw the car which struck him coming slowly
from the west, and that when he left the curbstone to go across it was
50 feet distant.   The curb is 16 feet 4½ inches distant from the center
of the first set of car tracks—the one on which the car was coming.
He did not look again, but, walking rapidly, had just reached the space
between the rails, when he was admonished of danger by the motor-
man's shout, but too late to avoid the accident.   On the other hand,
the motorman testified that the plaintiff walked rapidly into the car,
stepping from behind a moving wagon as he did so, and that he (the
motorman) did not see the plaintiff until he was within three feet of the
track.   The only point presented on the appeal in behalf of the ap-
pellant is that there should have been a nonsuit on the ground that it
was contributory negligence, as matter of law, for the plaintiff to pro-
ceed over the cross-walk without looking for the car a second time.

The preponderance of evidence does not support the assertion that
the plaintiff approached the track from behind a wagon.   The jury
was justified in reaching the conclusion that the plaintiff was in easy
view of the motorman from the curb to the track, and I can find no au-

¶ 1. See Street Railroads, vol. 44, Cent. Dig. § 257.

thoritative decision that a failure, under the circumstances, to look a second time, constitutes negligence, as matter of law, upon the part of a pedestrian upon a city crosswalk. The learned trial justice charged the jury that they might find the plaintiff guilty of negligence in walking from the sidewalk to the track without looking again for the car, and that, if they so found, there could be no recovery; and such charge was certainly as favorable to the defendant as the law required.

In Wendell v. New York Cent. & H. R. R. Co., 91 N. Y. 420, 429, the court said:

"The rules of conduct which should govern the approach of travelers to crossings over street railways or in the track of vehicles whose rate of progress is under the control of their drivers are necessarily quite different from those applicable to the crossing of the track of steam railroads, whose trains traverse vast distances, carrying great burdens, and moving with a momentum necessarily destructive to bodies with which they come in contact. It is within the knowledge and comprehension of the most immature that these agencies cannot be arrested in time to obviate danger to those coming in their way, and therefore a greater degree of care is imposed upon those who have occasion to use their tracks."

To the same effect is Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440, where it was said (page 354, 108 N. Y., page 416, 15 N. E., 2 Am. St. Rep. 440) that:

"The duty imposed upon a wayfarer at the crossing of a street by the track of a railroad to look both ways does not, as matter of law, attach to such person when about to cross from one side to the other of a city street. The degree of caution he must exercise will be affected by the situation and surrounding circumstances."

See, also, Smith v. Metropolitan Street R. Co., 7 App. Div. 253, 40 N. Y. Supp. 148, and Dunican v. Union Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326. In the latter case the court said (page 500, 39 App. Div., page 329, 57 N. Y. Supp.):

"The plaintiff was not called upon, as matter of law, to watch and listen for the approach of this car using the highway as he would have been called upon to watch and listen at a country crossing of a railroad company going upon its own tracks, where it had an exclusive right; but it was proper for him to take into consideration the duty of the defendant in running along the highway, and to suppose that duty would be performed. * * * He had the right to cross the track, even though the car was approaching, and even though the fact of his crossing required the car to slacken its speed (Kennedy v. Third Ave. R. R. Co., 31 App. Div. 30, 52 N. Y. Supp. 551); and whether he had sufficient opportunity to observe the approach of the car, or used due diligence in his effort to avoid it after he became aware of its situation, was clearly a matter for the jury to determine."

In Sesselmann v. Metropolitan Street R. Co., 65 App. Div. 484, 487, 72 N. Y. Supp. 1010, the plaintiff attempted to cross in front of a car, which, while he was on the sidewalk, he had seen approaching the crossing at a distance of from 20 to 50 feet. He does not appear to have looked again before he was struck, yet a nonsuit was held to have been erroneous. Mr. Justice Woodward said (page 486, 65 App. Div., page 1011, 72 N. Y. Supp.):

"It is not contributory negligence, as matter of law, for a person to attempt to cross a highway at a street intersection in a populous city from twenty to fifty feet in front of an advancing car, even if he has seen it approaching. The duty rests upon the street railway company to have its cars in control

at these points, that the equal rights of others may be protected, and the people using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty."

In Hicks v. Nassau Electric R. R. Co., 47 App. Div. 479, 62 N. Y. Supp. 597, this court held, in effect, that it was for the jury to determine whether it was negligence on the part of a plaintiff to cross a street railroad track without looking a second time for a rapidly approaching car, which had been seen by the pedestrian when on the sidewalk. Other cases of similar import might be cited. The case of Lynch v. Third Ave. R. R. Co., 88 App. Div. 604, 85 N. Y. Supp. 180, relied on by the appellant, cannot be regarded as in conflict. The opinion of Mr. Justice McLaughlin did not receive the concurrence of a majority of the court, and the cases cited therein are readily distinguishable.

In the case at bar the motorman testified that when he saw the plaintiff he stopped the car within a distance of five or six feet. If this be true, the car was under complete control at the time the plaintiff endeavored to cross the track, and the accident would not have happened had the motorman seen him in time to avoid it. In Legare v. Union Railway Co., 61 App. Div. 202, 70 N. Y. Supp. 718, it was held that it is not contributory negligence, as matter of law, for a person to attempt to cross the track of a street railroad in the city of New York when an electric car is at such a distance that the motorman, if attending to his business, and operating the car in a careful and prudent manner, could prevent it from running down such person. The court said (page 204, 61 App. Div., page 720, 70 N. Y. Supp.):

"Whether or not a person crossing a street in the city of New York, occupied as most of them are by cars propelled by electricity or cable, and often running at a high rate of speed, is guilty of contributory negligence where there is evidence which would justify a finding that the defendant was negligent, must usually be for the jury, for in a case where a car can be controlled so as to avoid running down a person crossing the track it cannot be said that it was negligence, as a matter of law, for the person to attempt to cross the track. In many of the streets, during the busy portion of the day, these cars are running constantly within a few feet of each other, and if a person about to cross the track is to wait until no car is in sight the track would be unpassable, except at the risk of the pedestrian being guilty of contributory negligence. The right of a railroad company to use the public streets is conditioned upon the right of the public to also use them in the ordinary way, and no railroad company has the right to so block the streets that the public are excluded from crossing them except at the risk of being run over. It cannot, therefore, be contributory negligence, as a matter of law, for a person to start to cross a track when the car is at such a distance that the motorman can prevent its running him down, if attending to his business and operating the car in a careful and prudent manner."

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except WOODWARD and JENKS, JJ., who dissent.