### GENTILE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. February 23, 1905.)

STREET RAILROADS — INJURY TO PEDESTRIAN — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Evidence in an action by a pedestrian against a street railway company for injuries sustained in a collision with a street car considered, and *held* insufficient to sustain the burden on plaintiff of proving negligence on the company's part and of proving himself free from contributory negligence.

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Angelo Gentile aginst the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

William E. Weaver, for appellant.
G. J. Gindici, for respondent.

McCALL, J. We fail to find in this record the slightest proof to support the claim or allegation of negligence on the part of the defendant, unless we are willing to assume that the mere happening of the accident implies negligence. The burden that the law imposes upon the plaintiff of sustaining by a preponderance of credible proof plaintiff's assertion of negligence on the part of defendant, and of likewise proving himself free from contributory negligence, he has, in so far as we read this rec-

ord, utterly failed to sustain, and the judgment rendered herein cannot, therefore, be upheld, and must be reversed, with costs.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

SCOTT, J., concurs.

GIEGERICH, J. (dissenting). I think, under the authorities, there was sufficient evidence to support the verdict of the jury. According to the testimony of the plaintiff and his witnesses, the car was about 55 or 60 feet distant northerly as the plaintiff stepped from the westerly curb of the street on the southerly crosswalk. The distance of the track from the curb was variously estimated between 4 metres and 26 feet. They further testified that the car was coming slowly, and that they had plenty of time to get across, but that "it then came faster." The defendant's motorman testified that he had thrown the power off at the north crossing, that the car was moving 5 miles an hour, and that he saw them when he was about 18 feet from them and they were about 7 feet from the track. In Lofsten v. Brooklyn Heights R. R. Co., 97 App. Div. 395, 89 N. Y. Supp. 1042, the plaintiff saw a car coming slowly at a distance of 50 feet as he stepped from the curb toward the track, which was 16 feet away. He did not look again, but walked rapidly from the curbstone toward the car track, when he was struck and injured. The court affirmed a judgment in favor of the plaintiff, citing numerous cases similar in their facts to that case and to this. It should be observed that this case is quite different from that large class of cases where the plaintiff crossed the street without looking, or claimed to have looked and to have seen nothing, when in fact the car must have been in plain sight. Here the plaintiff looked, saw the car, made his calculation, and decided he had plenty of time to cross; but the car increased its speed.

I think the judgment should be affirmed, with costs.