ously contend that this constituted a violation of the agreement, and, if it could borrow from third parties, it could borrow from the trust company.

The judgment appealed from should be reversed, and a new trial ordered before another referee, with costs to appellant to abide event.

LAUGHLIN, J., concurs.

---

. BULL et al. v. GUARDIAN TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

Appeal from Special Term, New York County.

Action by William L. Bull and others, trading under the name of Edward Sweet & Co., against the Guardian Trust Company of New York. From a judgment for plaintiffs entered on the report of a referee, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Henry D. Hotchkiss, for appellant.
H. Snowden Marshall, for respondents.

HOUGHTON, J. Judgment affirmed on the opinion in Guardian Trust Company of New York v. Peabody (decided herewith) 107 N. Y. Supp. 515.

Judgment affirmed, with costs.

PATTERSON, P. J., and LAMBERT, J., concur; McLAUGHLIN and LAUGHLIN, JJ., dissent.

McLAUGHLIN, J. (dissenting). I think the judgment should be reversed and a new trial ordered, for the reasons stated in my opinion in Guardian Trust Company of New York v. Peabody (decided herewith) 107 N. Y. Supp. 515.

---

McAULIFFE v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

STREET RAILROADS—INJURIES TO PERSONS ON TRACK—SUFFICIENCY OF EVIDENCE.

Evidence in an action for the death of plaintiff's intestate who was run down by a street railway car *held* to show that intestate was negligent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 248–250.]

Appeal from Trial Term.

Action by Elizabeth McAuliffe, as administratrix, etc., of Thomas McAuliffe, deceased, against the New York City Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

B. H. Ames, for appellant.

W. J. Burke, for respondent.

SCOTT, J. The defendant appeals from a judgment entered upon a verdict in favor of plaintiff, who sues for damages resulting from the death of her husband. The plaintiff's husband, a young man about 32 years of age, was in the employ of defendant, but not as a conductor or motorman. He was killed at about 8 o'clock in the evening of December 2, 1903. He and a companion O'Connor, with whom he had spent a couple of hours, walked to a spot on the southerly side of Twenty-Third street, about the center of the block. The elevated railroad runs through Twenty-Third street at this point, having stations on both sides of the street about midway between First and Second avenues. The deceased and O'Connor stood for a few minutes, engaged in conversation, on the south curb, and then the deceased started to cross to the north side of the street, with a view of taking an uptown train on the elevated railway. His companion remained standing on the south curb, and is the plaintiff's sole witness as to the accident. He testified that defendant's east-bound track was seven or eight feet away from the point where he and deceased had been standing; that, after the deceased left him, he stood watching him; that, when deceased came out toward the car tracks, witness saw a car brightly lighted, coming along the east-bound track; that, when he saw it, it was 10 or 12 feet from McAuliffe; that McAuliffe walked straight ahead without stopping, started across the track ahead of the car, and was hit just as he was getting off the track. Upon this evidence the complaint should have been dismissed. So far as appears, the deceased had abundant opportunity to see the car, which was well lighted, and the street was unobstructed. He left the curb to cross the street, had only seven or eight feet to go before reaching the track, and the car was so near him that, before he had been able to get across, it was within a few feet of him. There seems to be no other conclusion than that McAuliffe heedlessly or recklessly walked directly in front of the car. The testimony offered in behalf of defendant did not strengthen the plaintiff's case. The motorman testified that he saw McAuliffe leave the curb to cross the street, and that the car was then 25 or 30 feet from the point of the accident. He says he did everything possible to stop the car, and that when McAuliffe stepped on the track, the car was five or six feet away from him. This is not inconsistent with O'Connor's testimony. A bystander testified that he was standing on the north side of the street, and saw McAuliffe walk in front of the car. There was practically no conflict in the evidence; and it is apparent on reading it that not only did it fail to show an absence of negligence on the part of the deceased, but, on the contrary, indicates very clearly the presence of such negligence.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.