Charles Haldane, for appellant.

Saul S. Myers (Edward B. Levy, on the brief), for respondent.

GAYNOR, J. The defendant gave its bond to the plaintiff as surety with Caulet as principal to pay $1,000 to the plaintiff; the condition of the bond being "that if the said principal shall pay any judgment which may be recovered against him in the above entitled action" (in which this plaintiff was the plaintiff), "then this obligation to be void." The complaint alleges the recovery of a judgment, but contains no allegation that it is unpaid. This case is no exception to the general rule that payment has to be pleaded as a defence. That the condition of the bond depends on payment by one other than this defendant does not make a difference. The bond is not to be construed, as the appellant contends, as an obligation in form to pay the judgment if the defendant therein does not, in which an allegation of non-payment might be necessary to the complaint. It is an absolute undertaking to pay, followed by a condition that it shall be void upon payment, which is the usual form.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.

---

(128 App. Div. 872.)

### THORNTON v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. APPEAL AND ERROR (§ 864*)—REVIEW—SCOPE.

    The weight of the evidence cannot be considered on appeal, in the absence of an appeal from the order on a motion for a new trial, and the review is confined to the exceptions.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1766; Dec. Dig. § 864.*]

2. STREET RAILROADS (§ 117*)—OPERATION—ACTIONS FOR INJURIES—QUESTIONS FOR JURY—PERSONS CROSSING TRACK.

    Whether plaintiff, a pedestrian who was struck by defendant's street car while she was crossing the street, was guilty of contributory negligence in failing to look and listen, *held*, under the evidence, to be a question for the jury.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 249, 256; Dec. Dig. § 117.*]

Appeal from Trial Term, Kings County.

Action by Hannah Thornton against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Bayard H. Ames (Vine H. Smith, on the brief), for appellant.

Martin A. Schenck (Clarence Lexow, on the brief), for respondent.

JENKS, J. The plaintiff complains that the defendant's street surface car was negligently driven against her when she was attempt-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing to cross over the defendant's rails in a city street. Her verdict was set aside on motion of the defendant as contrary to law on condition that the defendant pay costs within 10 days after the entry of the order to that effect. The defendant did not avail itself of the order, nor did it appeal therefrom; but it takes this appeal from the judgment.

We cannot pass upon the weight of evidence, but our review is confined to the exceptions. Collier v. Collins, 172 N. Y. 99, 64 N. E. 787; Ten Eyck v. Witbeck, 55 App. Div. 165, 66 N. Y. Supp. 921. There is no allegation of error in the rulings of the learned trial court upon the evidence or in its charge, and we find none. The evidence was sufficient to justify the submission of the negligence of the defendant to the jury, as the defendant admits. We are thus limited to the question whether the plaintiff was guilty of contributory negligence as matter of law, or failed to give any evidence that she was free from contributory negligence, raised by the exception to the motion made at the close of the entire case for a dismissal or a direction in favor of the defendant.

The accident occurred in the daytime. The plaintiff, who had been a passenger in a car, left the car and went to the curb of the street, intending to cross over the street. She testifies that then, and before attempting to cross, she looked "in both directions for a car," and did not see any car coming, that she then started to cross, and when upon the tracks of the defendant she was struck by an oncoming car and injured. One of plaintiff's witnesses testifies that, after the plaintiff left the car, "she was going about like that when I seen her looking around." The evidence does not indicate that it was incredible that she, looking from her viewpoint, did not see the car which struck her, so as to make her guilty of contributory negligence as matter of law within the doctrine enunciated in Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68, and like cases. Indeed, the learned trial court, as indicated by its opinion, inferred that the plaintiff's view at the time she testified that she looked for the car was obstructed. Moreover, the evidence does not justify the conclusion that even if the plaintiff looked, as she testified, and yet did nothing more, that she was guilty of contributory negligence as matter of law in attempting to cross the street under the surrounding circumstances. See Montenes v. Metropolitan Street R. Co., 77 App. Div. 493–495, 78 N. Y. Supp. 1059.

I advise affirmance, with costs.

Judgment unanimously affirmed, with costs. All concur.