(129 App. Div. 572.)

### PLUNKETT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. STREET RAILROADS (§ 114*) — COLLISION WITH PEDESTRIAN — NEGLIGENCE — EVIDENCE.

   Evidence as to speed of the car, in an action for collision of a street car with a pedestrian at a crossing, *held* sufficient to show negligence.

   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 117*) — COLLISION WITH PEDESTRIAN — CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Evidence in an action for collision in the nighttime of a street car at a crossing with an old lady *held* sufficient to go to the jury on the question of her freedom from contributory negligence, though there was a headlight on the car.

   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

   Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Mary E. Plunkett against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS. HOOKER, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.

Benjamin G. Paskus, for respondent.

GAYNOR, J. The case seems to have been one for the jury. The plaintiff, an aged woman of 65, was crossing Nostrand avenue on Lincoln road, which is a rural district. The car that hit her was going south on Nostrand avenue. She crossed from the east, crossed the first track, and had all but cleared the next one, on which the car was running, when she was hit. She was crossing by the far crossing, so that the car came across Lincoln road before hitting her. There was ample testimony that the car was going at great speed over the crossing. The motorman even says it was going 7 or 8 miles an hour, which was a high speed for a crossing, if not even between blocks, and the jury could well have found that it was going much faster. The only passengers in the car, three, say it ran a block after hitting the plaintiff before it was brought to a standstill, although the motorman at once set about stopping it, and that the trolley pole was turned, and the car ran back to the place where the plaintiff was hit.

Whether the plaintiff was negligent cannot be said as matter of law. She says she looked when at the curb, and again before getting to the track on which she was hit, to see if any car was coming, but saw none. It is said that if she had looked she must have seen the car, and that as she did not see it, it is proved that she did not look, as in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Dolfini Case, 178 N. Y. 1, 70 N. E. 68. But that does not follow in this case. The dullness of the faculties of the aged has to be considered. It was also in the nighttime and at a place not much lighted. There was a headlight on the car, but there was a sewer being dug through Lincoln road across Nostrand avenue, the earth from which was piled up 4 feet high from the side from which she came from the curb nearly up to the car tracks, and may well have interfered with her seeing the headlight, for she had to walk alongside of it, and over a crossing which was littered up also. Her situation was distracting. The car was a combination car, so called, namely, enclosed, but without glass windows, but only leather shades, which are pulled down by the passengers or conductor in stormy or chilly weather, and there is evidence that some of them, at least, were down, it being a chilly night in October; so that there may not have been much light visible from the car, except from the headlight. And if the car was going at the high speed the jury could have found, she may not have seen it only because she did not look far enough to see a car coming to a crossing at such a speed, and she was not obliged to look further than a reasonable distance, as people at crossings ordinarily do.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except HOOKER, J., who reads for reversal.

HOOKER, J. (dissenting). Upon her own evidence the plaintiff must fail for omission to show absence of contributory negligence. This question must of course be considered in the light of her admitted conduct, at least as against her. There were double street car tracks which plaintiff was endeavoring to cross; she crossed the first track (rail), the second, and the third, and was struck by defendant's car as she was upon the fourth; she says she looked before leaving the curb, which was careful, and again looked both ways when she was between the third and fourth rails, but saw nothing; the failure comprehendingly to see was careless; for although it was night, the car bore a headlight, there was nothing to obstruct her view, and she was directly in front of the car, which was so close that she admits she could have stepped out of harm's way had she known the car was there. It was commendable for her to look while between the third and fourth rails, but this is not enough to excuse her carelessness in failing to observe what the look should have disclosed. Dolfini v. Erie Railroad Co., 178 N. Y. 1, 70 N. E. 68.

The judgment should be reversed and a new trial granted.