ROBKIN et al. v. JOLINE et al.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. STREET RAILROADS (§ 98*) — INJURY AT CROSSING — CONTRIBUTORY NEGLIGENCE.

  Where the motorman had ample opportunity to observe plaintiff in attempting to cross the track where he was injured, plaintiff cannot be charged with contributory negligence because such crossing involved the lessening of the speed of the car.

  [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 207; Dec. Dig. § 98.*]

2. STREET RAILROADS (§ 103*) — INJURY AT CROSSING — CONTRIBUTORY NEGLIGENCE.

  The complaint for injuries on a street car crossing should not be dismissed, on the ground that plaintiff failed to look at the approaching car after leaving the curb, where the motorman had ample opportunity of observing plaintiff in attempting to make the crossing.

  [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 219; Dec. Dig. § 103.*]

3. STREET RAILROADS (§ 117*) — INJURY AT CROSSING — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

  Where there was evidence, in an action for injuries while crossing a street car track, that plaintiff noted the position of the car before leaving the curb, and again as he came to the track, the question whether he was reasonably prudent was for the jury.

  [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 257; Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action for personal injuries by Samuel Robkin and Jacob Gallob against Adrian H. Joline and Douglas Robinson, as receivers of the New York City Railway Company.   From a judgment for plaintiffs, defendants appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Anthony J. Ernest, for appellants.
Gainsburg & Solomon, for respondents.

BISCHOFF, J.   From the evidence given upon the subject of the relative position of the car and of the plaintiffs, the jury could properly find that when these pedestrians left the curb, with the apparent intention of crossing the track, the car was at a sufficient distance to have justified their attempt, in reliance upon the observance of ordinary care by the person charged with its control.   Acceptable evidence supported the finding that the motorman had ample opportunity to observe the approach of these plaintiffs and to expect their presence upon the track, and they cannot be charged with contributory negligence as a matter of law because their attempt to cross the track involved some possible lessening of the car's rate of travel, after the intent to cross was signified by their actions, to a person using reasonable care in the situation of the motorman.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexe

It would have been error for the trial court to dismiss the complaint under these circumstances, had there been no proof that the plaintiffs looked at the approaching car after leaving the curb; and the refusal to charge that such an omission, if found, would require a verdict for the defendant, was clearly proper. There was evidence that the plaintiffs looked for danger, and noted the position of the car before they left the curb, and again as they came to the track; and the question whether they were reasonably prudent was one for the jury to determine upon the facts.

Judgment affirmed, with costs. All concur.