is known as "No. 361 Southern Boulevard." The lot is 20 by 100 feet and is covered by a four-story brick building, used as a store on the ground floor and apartments on each of the floors above. The house was built in 1882.

It is contended by the plaintiff that, although the defendants operate their railway upon their own land, she is entitled to damages by reason of a covenant against offensive establishments. While it is true that plaintiff and defendants derived title to their respective lands from a common predecessor in title, and although the covenant is referred to in several conveyances, yet in a number of deeds prior to and since the road was constructed no reference is made to the covenant. It appears, however, in the deed from Bartels to the plaintiff, executed in 1905. At that time, not only had the road been in operation for about 18 years, but the property in the immediate neighborhood had been changed to a factory section and ceased to be used for residential purposes. To attempt to enforce a covenant of this kind under these circumstances would be inequitable.

As to the damages either to the fee or rental value of plaintiff's property by reason of the operation of the road, the plaintiff has failed to make out a case. Plaintiff's expert (Swartwout) testified that manufactories were coming in the neighborhood right along from 1875 to the present time, and that the Southern Boulevard, both north and south sides, from Alexander avenue west, is a manufacturing center. It is apparent that whatever change took place in the neighborhood cannot be ascribed to the operation of the defendants' railroad.

The plaintiff is entitled, however, to nominal damages for the maintenance and operation of that portion of the south-bound track as interferes with plaintiff's easements of light and air.

Findings passed upon.

---

## DALY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. May 7, 1909.)

STREET RAILROADS (§ 98*)—CONTRIBUTORY NEGLIGENCE OF PERSON INJURED.

 Plaintiff, who attempted to cross a street without looking to see where a car on the further side of the street was, and was struck by that car, *held* guilty of contributory negligence.

 [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 207, 208; Dec. Dig. § 98.*]

Appeal from Special Term, Westchester County.

Action by Walter Daly against the New York City Railway Company. Motion for nonsuit was granted at the close of all the evidence, and plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Charles F. Dalton and Edward J. Larkin, for appellant.
Bayard H. Ames and Walter Henry Wood, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, P. J. The nonsuit was proper under the authorities. The plaintiff, accompanied by his wife, was injured in the borough of Manhattan on the evening of December 25, 1903. They had just arrived in the city of New York, on their way from Roxbury Station, Conn., to visit a daughter in Paterson, N. J. They boarded a Fourth avenue car at Forty-Second street, and left it at the southwest corner of Twenty-Third street and Fourth avenue. They intended to take a West Twenty-Third street ferry to New Jersey, and for that purpose attempted to cross to the north side of Twenty-Third street to board a west-bound car. Standing on the sidewalk, the plaintiff looked east for the car he desired to board, but saw none. He then looked west, and saw a car east-bound. He let that car pass, looked east again, and saw a west-bound car on the north track at the northeast corner of the streets and at a distance of about 75 or 100 feet from where he stood. He then looked west again, and, finding his way safe over the nearest or east-bound tracks, attempted to cross, walking on the crosswalk. He did not look east again after leaving the sidewalk, and when he reached the farthest or north track in Twenty-Third street was struck by the west-bound car, which he had seen while standing on the sidewalk. The car was going very rapidly.

In this state of facts, the counsel for the appellant insists that there should be a reversal, mainly on the theory of Lofsten v. Brooklyn Heights R. R. Co., 97 App. Div. 395, 89 N. Y. Supp. 1042. That case, however, was reversed in the Court of Appeals (184 N. Y. 148, 76 N. E. 1035); that court holding in similar circumstances that the injured person must be deemed guilty of contributory negligence as matter of law. Tully v. N. Y. City Ry. Co., 127 App. Div. 688, 111 N. Y. Supp. 919, is a case where the plaintiff, about to cross the Bowery, in the borough of Manhattan, at Bleecker street, looked up and down before attempting to cross, and saw a car about two blocks away, coming very fast. She proceeded to cross the street without looking again, and while leaving the track was struck by the car which she had seen. It was held that a pedestrian, seeing an approaching car while attempting to cross a street, must, before stepping on the track, ascertain whether or not it was safe to do so, and that a refusal of the court to charge that she was required, after leaving the curb, to look again before she tried to cross the track, was error.

Under these decisions, and the cases cited in the opinions written in them, it must be deemed the settled law in this state that it was negligence on the part of the plaintiff herein to step upon the northbound track in Twenty-Third street without first looking for the car which he had seen approaching when he was on the sidewalk.

The judgment should be affirmed.

Judgment affirmed with costs. All concur.