QUINLAN v. RICHMOND LIGHT & R. CO.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. STREET RAILROADS (§ 117*) — INJURIES TO PERSON CROSSING TRACK — CONTRIBUTORY NEGLIGENCE.

Plaintiff, an infant, before attempting to cross the street, which was 32.7 feet from curb to curb, saw defendant street railroad's car some 215 feet away, and ran to cross the track, but miscalculated the speed of the car, and was struck and injured. *Held*, that it could not be said that, because he made the mistake of assuming that he could cross the street in safety, he was guilty of contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 114*)—INJURY TO PERSON CROSSING TRACK—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

In an action against a street railroad for injuries to plaintiff, an infant 9 years 9 months old, struck by a car while attempting to cross the tracks, evidence *held* to sustain a finding that plaintiff was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

3. NEGLIGENCE (§ 85*)—CONTRIBUTORY NEGLIGENCE—INFANTS—CARE REQUIRED.

The law does not require of children the same degree of prudence that is required of adults.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

Appeal from Trial Term, Richmond County.

Action by Thomas Quinlan, an infant, by guardian ad litem, against the Richmond Light & Railroad Company. From a judgment for plaintiff, and from an order denying motion for new trial, defendant appeals. Affirmed.

---

·Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

John J. Kenney, for appellant.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for respondent.

RICH, J. The plaintiff was struck by one of defendant's cars and so seriously injured that it became necessary to amputate his right foot. The verdict of $3,000 was not excessive; but the learned counsel for the appellant contends that it is against the weight of evidence, that the plaintiff was shown guilty of contributory negligence, as matter of law, and that the court erred in its refusal to grant a nonsuit.

The denial of the motion for a nonsuit was not error. Even had the plaintiff been an adult, the motion could not have been granted. Before attempting to cross the street, which was 32.7 feet from curb to curb, the plaintiff looked both ways, and saw the car some 215 feet away. He says that he ran to cross the track. He miscalculated the speed of the car; but it cannot be held that, because he made the mistake of assuming that he could cross the street while the car was going a much greater distance, he was guilty of contributory negligence as matter of law. Gerber v. Boorstein, 113 App. Div. 808, 99 N. Y. Supp. 1091. A prima facie case was made by the plaintiff, entitling him to have the jury pass upon the questions of the negligence of the defendant and his own contributory negligence.

The verdict is not so greatly against the weight of the evidence as to require its reversal on that ground, and the remaining question is the only one presented which requires special consideration: Was the jury justified in finding that the plaintiff was free from negligence contributing to his injury? He was 9 years, 9 months, and 10 days old at the time of the accident. He was playing ball in the street. The ball had bounded across the street, and he started on a run to get it. He testified that before starting he looked both ways for an approaching car, and saw one about a block away, which is shown to be about 215 feet. When he got between the double tracks of the defendant's road he looked again, and discovered that it was only about 44 feet away. He increased his speed and succeeded in clearing the tracks, but was struck in the head by a projecting handle on the car, thrown under it, and his foot run over.

The question of his contributory negligence, in view of his age, intelligence, and surrounding circumstances, was submitted to the jury under a charge correctly stating the law, to which no exception was taken. They resolved the question in favor of the plaintiff, and their verdict should not be disturbed. While the same acts committed by an adult would have warranted the conclusion of the existence of contributory negligence, the law is not so unreasonable, as the learned trial justice properly instructed the jury, "as to require of children the same degree of prudence that is required of adults."

The judgment and order must be affirmed, with costs. All concur.