JOHN P. SULLIVAN, ESQ. Town Attorney, Whitestown
This is in response to your letter of February 2, 1977 wherein you ask for our opinion on four questions relating to a sewage-works corporation in the Town of Whitestown, formed in 1962 under Transportation Corporations Law, Article 10.
Your first question asks if the sewage-works corporation may charge hookup fees where it was formed with the consent of the Town Board, but consent to the charging of the hookup fees was neither asked for by the corporation nor given by the Town Board.
Transportation Corporations Law, § 121, states that a sewage-works corporation shall supply sewage-works facilities at "fair, reasonable and adequate rates agreed to by the corporation and the local governing board". Accordingly, if this corporation charges a hookup fee, the rate for this service should be agreed to by the Town and the corporation and added to the list of agreed rates and charges adopted pursuant to the aforementioned section.
The precise question of whether the corporation may charge for a service not included in the schedule of rates agreed to by the Town and the sewage-works corporation does not appear to have been decided by the courts. However, it does appear that where a corporation whose charges are regulated in a manner similar to that pertaining to a sewage-works corporation performs a service which is not included in the list of agreed services and rates and makes a charge for the service, the corporation may make a reasonable charge for the service rendered. Annot., 103 A.L.R. 1373 (1936); cf. Raymond-Hadley Corp. v. Boston M.R.Co., 136 App. Div. 341 (1919), aff'd 227 N.Y. 648 (1920).
The second question posed is whether the corporation may expand the territory which it services without consent of the Town Board. It is our opinion that the sewage-works corporation could expand its territory only if it amended its certificate of incorporation and again obtained the approval of the Town Board, since Transportation Corporations Law, §116 provides, in pertinent part:
 "No certificate of incorporation of a sewage-works corporation shall be filed unless there be annexed thereto a certificate or certificates duly executed in behalf of the local governing bodies of the city, town or village * * * consenting to the formation of the corporation for the area described in such certificate." (Emphasis ours.)
Your third question asks if the sewage-works corporation may charge hookup fees to individual property owners and not charge this fee to an apartment complex where some of the officers of the sewage corporation are also officers of the apartment complex.
Although in contrast to the Public Service Law, among others, no specific prohibition against unjust determination and unreasonable preferences is set forth in Transportation Corporations Law, § 121, common law upon the subject of discrimination establishes the general principle that a public utility corporation cannot make unreasonable and unjust discriminations between patrons (N.Y. Tel. Co. v. Siegel-Cooper Co.,202 N.Y. 502 [1911]). This rule, which is founded on public policy, requires one engaged in a public calling to charge a reasonable and uniform price for all persons, for the same services rendered, under the same circumstances.
The reference in your letter to the fact that owners of the apartment complex are also officers and owners of the sewage-works corporation indicates that this joint interest is the basis for the discrimination as between the individual property owners and the apartment complex. In the absence of any other facts justifying the preferential treatment given to the apartment complex, it is our opinion that the action which you described constitutes unreasonable discrimination.
Your fourth question asks whether or not the Town, in purchasing the sewage-works corporation under Transportation Corporations Law, §120, may deduct from the cost of the system and additions and improvements, the amount which has been paid to the sewage-works corporation for hookup fees. It is our opinion that there is no authority for such a deduction since Transportation Corporations Law, § 120(a) (as in effect prior to October 1, 1970 and as necessarily applied to your Town)* in establishing the amount to be paid by the Town in the event of a purchase, states that only "depreciation" on an agreed schedule may be deducted from the cost of the sewer system. In any event, the Town would not be entitled to recover hookup fees presumably paid by individuals serviced by the sewage-works corporation.
* Transportation Corporations Law, § 120(a) was amended by Chapter 28 of the Laws of 1970. Section 11 of that Chapter provided:
 "This act shall take effect on the first day of October next succeeding the date on which it shall become a law [October 1, 1970] except that the provisions of subdivision a of section one hundred twenty of such law in effect immediately preceding the effective date of this act shall continue in effect with respect to corporations consented to by the local governing body prior to the effective date of this act."